Cook, J.,
delivered the opinion of the Court.
The appellee obtained a rule in the Circuit Court upon the appellant, to show cause why he should not pay over to the appellee, (to the use of Joseph Jones,) the residue of the sum of $2,550, made hjr the appellee as late Sheriff of the county of St. Louis, by virtue of two executions, issued out of the Clerk’s office of said county, returnable to the August term of said Circuit Court, in the year 1819, at the suit of Gabriel Long against said Henderson, one for $950, and the other for $654.
The defendant showed cause, that besides the two executions in the rule mentioned, another execution had previously issued from the said Clerk’s office, directed to the Sheriff of said county, against the said Henderson, at the suit of Gabriel Long, which execution recited that the said Long had, in the Clerk’s office of said county, before the said Clerk, recovered of the said Henderson by confession the sum of $1,200, &c., and that, by virtue of this, as well as the writs of execution in the rule mentioned, he had levied upon a house, &c., the property of the said Henderson, and had paid the money arising from the sale thereof over, according to the commands of the said several writs; first satisfying the two writs mentioned in said rule, and applying the balance in discharge of the last mentioned execution. He further objected that the remedy, by motion, was not given by statute against a Sheriff for money collected, on sale, to the use of the defendant in the execution. Whereupon, the Circuit Court ordered the said Brown, late Sheriff, &c., to pay over to the said Henderson the sum of $773 83 1-2, it being the balance in his hands after paying the two executions first above recited, &c., from which order the said Brown appealed to this Court.
To reverse this judgment, the appellant relies upon two positions: first, that the remedy by motion in such case, is not warranted by the statute; and, secondly, that the Sheriff was warranted in collecting and paying over the moneys according to the command of the writ of execution, by him last recited, notwithstanding the same issued on a void judgment.
We shall first consider the last point. A general rule, supported by a series of ■uniform decisions, is, that the Sheriff is not to dispute the authority of the Court, out of which any writ, process, &c., issues, hut he is to execute all such writs, &c., as are directed to him, accordivg to the command thereof, (6 Bac. 166, and cases there cited.) This rule, however, applies only to causes of which the Court, out of which the writ issues, has jurisdiction of the cause which is the subject of the com *95 mand 5 and when the Court has not such jurisdiction, the Sheriff acts at his peril in executing the writ; (see Bac. abr. as above, and the authorities there cited.)
This rule of the officer’s liability and exemption, is founded in justice to such officer, and a due regard to the tribunal from which the writ emanates. If the Sheriff were bound to notice, not only that the writ is tested by the proper officer, and authenticated as the law requires, and contains a command, which the tribunal, from which it issues, is competent to malee; but likewise, that such writ issued regularly and upon previous proceedings, which in law would authorize it, the sitúa-, tion of the Sheriff would, at all times, impose such restraint upon him as to deter him from acting at all. The law, therefore, in justice to him, requires him to look only to the writ which contains the command. The application of this general rule, and the doctrine contained in the authorities cited in support of it, to the case now before Court, shows, in our opinion, that the Circuit Court erred on the point under consideration. The execution is in the name of the United Slates, tested by the Clerk of the Circuit Court, in whose name it should, by law, bear test; and is authenticated with the seal of the same Court. Hence, no exception to the authority or authentication of the writ, can avail. We will now examine the face of the writ, and see what legal objection can be made to that. It recited that Gabriel Long, in the Clerk’s office of the said Circuit Court, before the Clerk thereof had recovered against the said Henderson, by confession, in an action of debt, his debt, &c.; and commands the said Sheriff, in the common form, to levy the money, or take the body of the defendant, so that he have the same before the Judge of the said Court, on the first Monday of August, &c., to satisfy the said Long of his debt and costs, and to certify to the said Judge how he had executed said writ, &c. This execution con-, tains a command within the authority of the Court from which it issued, purporting to be in a cause over which that Court had jurisdiction, and requires the officer to make return to the Judge of that Court, how he had executed the writ. It wants no legal quality of a writ discoverable upon its face, and without the vigilance of pro-, fessional skill, a formal defect would not be detected; and if this writ had been warranted by a legal judgment, we are not prepared to say, that the informality which appears upon its face, would be fatal to it, even on a motion to quash.
As upon the objection taken in this case, which involves the right of action, the judgment must be reversed. The Court deem it unnecessaiy to give any opinion on the exception which applies to the remedy, only.