RATCLIFFE ET AL. v. DAKAN ET AL.

COSTS — EQUITY SUITS — DISCRETION.— Where, in a suit to enjoin the
infringement of water-rights, the questions of fact submitted to the
jury are found in defendants' favor, and the chancellor finds that at
no time prior to the trial did defendants interfere with or damage
plaintiffs' rights, his judgment against plaintiffs for costs will not be
disturbed.

*Appeal from District Court of Douglas County.*

Mr. WM. DILLON, for appellants.

Mr. JOHN L. JEROME, for appellees.

RICHMOND, C. This was an action for an injunction to
enforce certain rights to water for irrigation in water-dis-
trict No. 8, Douglas county, Colorado.

The plaintiffs (appellants) claimed certain water-rights in respect to four ditches, setting forth the ownership by defendants of two ditches, and alleging the commission by defendants of various wrongful acts in violation of plaintiffs' prior rights to water. Prayer for injunction, and for general relief, and for costs.

By the answer various defenses are set up which we deem it unnecessary to recite in the statement of the case.

The question of whether or not the diversion of the water by defendants lessened the flow of water in the creek at the head or heads of plaintiffs' ditch or ditches was submitted to a jury, and upon the trial the jury answered in the negative; thereafter the cause was set for final argument and decree.

On February 21, 1887, final decree was made by consent, save as to the costs. The apportionment of costs was submitted to the court, and the plaintiffs were adjudged to pay the costs up to and including the trial, and each party was directed to pay their own costs made subsequent to the trial. That part of the decree was as follows: " And it is further adjudged and decreed that the defendants have and recover of and from the plaintiffs their costs up to and including the trial of this cause, to be taxed, and have execution therefor, and that as to the costs made subsequent to said trial, each party to pay their own costs."

To this appellants here and plaintiffs below excepted, and to reverse it have prosecuted this appeal.

It is contended by appellants that this decree is appealable under the act of 1885, and the appellees do not controvert that position. Treating it, then, as a right of appellants to prosecute the appeal, we come to the consideration of the one and only question involved, and that is, Did the court err in taxing the costs up to and including the trial, which resulted favorably to the defendants, to plaintiffs, and directing payment of their costs subsequent to the trial of each of the parties to this proceeding?

Appellants have filed an extensive abstract of record,

including the pleadings, all of the testimony, and the decrees of the court.

In considering this question we deem it essential to call attention to the first paragraph of the decree, which is in the following language: " Now come the plaintiffs, by William Dillon, Esq., their attorney, and the defendants, by John L. Jerome, Esq., their attorney, also come; and thereupon the motion of the defendants for final judgment in this cause, upon the trial heretofore had herein, and this cause having been tried before a jury at the December term of this court, A. D. 1886, and the issues submitted to said jury having been found in favor of the defendants, and the court having heard the arguments of counsel, and being now sufficiently advised in the premises, and the said parties hereto in open court consenting to the dates mentioned in the following order, the court doth find: That the defendants did not, and neither of them did, at any time prior to the bringing of this cause, interfere with the supply of water in the ditch known as ' Spring Creek Ditch No. 8 ' and the 'Ratcliffe Spring Creek Ditch No. 43,' used and enjoyed by the plaintiffs, and did not, prior to the trial of this cause, at any time, damage the plaintiffs, or either of them, with respect to their rights and privileges in said ditches."

The findings appellants admit were by consent, although it was stipulated that nothing therein contained shall prejudice appellants on the question of costs.

From the foregoing it will be seen that the issues submitted to the jury were found in favor of the defendants; that, in addition to this, the court found that the defendants at no time prior to the bringing of this cause had interfered with the supply of water in the ditch known as " Spring Creek Ditch No. 8 " or " Ratcliffe's Ditch No. 43," used and enjoyed by the plaintiffs, and did not, prior to the trial of this cause, at any time damage the plaintiffs, or either of them, with respect to their rights and privileges in said ditches. Whether the trial court, in apportioning the costs, had a right, notwithstanding the stipulation of

counsel, to consider the findings independently of the evidence, is quite immaterial. The evidence certainly justified the findings, and, in considering the judgment for costs, we must indulge in every deduction to support this part of the judgment that can reasonably be drawn from the evidence. True it is that if, from the abstract of record, we could be satisfied that the discretionary right of apportioning costs in chancery proceedings by the court had been abused, we would be warranted in reversing the decree to that extent. But a careful examination of the pleadings and the testimony justifies us in the assertion that the action of the court in thus apportioning the costs was not an abuse of its discretion.

The general doctrine is that the matter of costs is so largely within the discretion of the chancellor that his action will not be disturbed unless error be very manifest. *Sanborn v. Kittredge*, 50 Amer. Dec. 58; *Shields v. Bogliolo*, 7 Mo. 134; *Portz v. Schantz*, 70 Wis. 497.

We find nothing in the case that justifies us in disturbing the decree of the court in any particular, and therefore recommend that it be affirmed.

REED and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*