PUTNAM ET AL., APPELLANTS, v. LYON, APPELLEE.

1. PRACTICE—CONSOLIDATION OF ACTIONS.
When actions are pending between the same parties upon different causes which might have been joined, the court may order them consolidated and tried as one suit.

2. PRACTICE—PENDENCY OF ANOTHER ACTION.
When two actions are commenced upon the same cause, the remedy of the defendant, if he would avoid the vexation of two suits for the

same thing, is to plead the pendency of the first in abatement of the second.

3. APPELLATE PRACTICE.

Mere irregularities, resulting in no harm to the appellants, do not warrant a reversal.

4. SAME.

Appellants are not permitted to complain in an appellate court for the first time that the proper parties were not brought into the litigation prior to the decree.

5. SAME.

An order entered upon consent cannot be assigned as error.

6. COSTS IN EQUITY CASES.

The taxation of costs in an equity case is largely within the discretion of the trial court, and its action in this respect will not be disturbed except where there has been a plain and palpable abuse of discretion.

7. ADMISSION IN PLEADINGS.

Facts alleged in the complaint and not denied by the answer are to be taken as true, without proof.

*Appeal from the District Court of Boulder County.*

EARLY in 1882 Adaline A. Lyon was the owner in fee of the southeast quarter of section 18 in township 3 in Boulder county. On the 29th day of April, 1880, while she held title she executed a trust deed running to one Laws as trustee to secure the payment of a promissory note due five years from that date. While this note was outstanding it was determined to lay out the land as a town site. To more successfully accomplish this purpose Mrs. Lyon deeded the premises to The Evans Townsite & Quarry Company, subject to the trust deed before mentioned. The stock was delivered to her in discharge of the expressed consideration, and the company assumed the payment of the trust deed. Mrs. Lyon contended that it was agreed by the representatives of the corporation that she should receive as a further payment a deed to lots 1 to 8 in block 32 and a lot in block 29 in the town site. The present controversy grows out of the alleged reservation, and the execution of the deed by which it is claimed the company transferred title to these reserved lots. After the organization of the company and the delivery of

VOL. III—10

Mrs. Lyon's deed, negotiations were initiated with one of the defendants, Putnam, for the sale to him of the entire property held by the Townsite & Quarry Company. The terms were agreed on, the property transferred to Putnam, who paid the entire purchase price except what was represented by the outstanding trust deed which he was to assume and ultimately discharge. At the time of the sale to Putnam, the trustees who negotiated it insisted that the transfer should not cover the property antecedently sold and reserved as the result of their dealings with the addition. The trustees kept no adequate records by which they were able to accurately determine just what they had disposed of. An examination of the title raised doubts concerning it. To perfect this title and relieve it from all embarrassments, it was agreed that the property should be sold by a foreclosure of the trust deed, and Putnam should buy it in at the sale. The sale was had, Putnam bought it, and ultimately paid the note. After the sale Putnam leased some of the disputed lots to Mrs. Lyon. Afterwards a dispute arose between Putnam and Mrs. Lyon over her claim to the eight lots in block 32 and the lot in block 29. She brought the present action against the Townsite Company and Putnam in the district court of Boulder county to establish her title to this portion of the land. According to her bill and the proofs, the deed under which she claimed was executed by only two of the directors of the company. There was no seal attached, and in some other unessential particulars it was defective. It was alleged that the purchaser knew of Mrs. Lyon's claim of title, and of her unrecorded deed, and that he was not, therefore, an innocent purchaser.

While this suit was pending in the district court, Mrs. Lyon commenced another suit in the county court of Boulder county against the Townsite Company and Putnam, wherein she sought substantially the same relief. While that suit was pending in the county court, one Meily intervened and set up that he was a subsequent purchaser of the property for a valuable consideration without notice of Mrs. Lyon's claim

or equities.  By his petition of intervention he sought to have his title adjudged good.  While this suit was undetermined in the county court, Putnam on his own motion was stricken out as a party and his answer removed from the files, so that it stood as a suit against the Townsite Company and Meily.  This suit subsequently reached the district court by appeal and was on the docket before a trial order was entered in the present suit.  The plaintiffs moved to consolidate the two suits and try them as one, and the order was accordingly entered.  On the final hearing, a decree was entered reforming the plaintiff's deed and establishing her title to the lot in block 29.  It likewise established Meily's title to lots 1 to 8 in block 32, and in distributing the costs, taxed against the plaintiff all the costs in the suit brought in the county court, and rendered judgment against Putnam and the Townsite Company in the suit originally brought in the district court. No objection was made to this decree and no exception taken to its entry.  The latter suit was the one first started.  During the pendency of the litigation the death of Mrs. Lyon was suggested, and on motion of plaintiff's attorneys Edward S. Lyon, her husband, and executor of her last will and testament, was substituted as party plaintiff.  The defendants made no objection to the entry of the order, and the action proceeded in his name, although it transpired that by the terms of Mrs. Lyon's will, Edward S. was devisee for life of the property, and the children were remainder-men in fee.

Messrs. BROWN & PUTNAM, for appellants.

No appearance for appellee.

BISSELL, J., delivered the opinion of the court.

While all of the proceedings in the district court were not strictly in harmony with the practice which should prevail in this class of cases, the court commited no substantial error

of which the appellants can complain. Their first attack is
on the order of the court which consolidated the two actions
for the purposes of trial. Section 20 of the Code, which they
cite in support of their contention, undoubtedly provides that,
where two actions are pending on two different causes of
action between the same parties which might properly under
the code have been joined, the court may order them con-
solidated and tried as one suit. The present case does not
come within the purview of that statutory provision. It
only relates to the joinder of different suits which have been
brought on different causes of action. In the present case
there were two suits brought on the same cause of action, the
one against the Townsite Company and Putnam, to which
Meily as an intervenor became a party, and the other against
the Townsite Company and Putnam alone, in a different tri-
bunal. When the action was instituted in the county court
against the Townsite Company and Putnam, the suit against
the same parties on the same cause of action was still pend-
ing in the district court. In commencing the first action in
the district court the plaintiff merely exercised the right
granted him by the law and was entitled to prosecute that
suit to final judgment. His attempt to exercise the same
right a second time could have no possible effect upon his
first cause of action, and the only remedy open to the defend-
ants, when vexed by two suits for the same thing, was to
plead in abatement to the second action the pendency of the
first. Failing to do this, it was not error for the court to di-
rect that the two suits be tried together, for in the exercise
of its power in this direction it simply brought into the first
suit another party, Meily, the determination of whose rights
was essential to a complete settlement of the controversy.
It might perhaps have been more in accord with the usual
practice to have restrained the plaintiff from maintaining the
second action until the determination of the first, and to have
ordered him to bring into that suit all persons whose interests
must be ascertained in order to completely settle the dispute,
and when the final decree should have been rendered, have

entered in the other suit an order of dismissal, with costs against the plaintiff. Which ever practice would be the more regular and the more exact is of little consequence, since no harm came to the appellants from the course which the court took in the premises.

When the suit was revived in the name of the executor the defendants made no objection, but took an order substituting the executor as a defendant in the cross bill which they filed. It is quite true that under the will the title to this land passed to Edward S. Lyon as the tenant for life, and the remainder passed in fee to the surviving children. In an action which concerns the title to realty, the tenant for life at least, if not also the remainder-men, are the real parties in interest in whose names and right the suit should be prosecuted to judgment. This concession does not make the order of the court in the premises an error which can now be insisted on. It is not permitted to the appellants for the first time to complain in an appellate court that the proper parties were not brought into the litigation prior to the decree. If they desired Lyon in his capacity as tenant for life, and the children as remainder-men to be present, it was for them to object to the substitution of Lyon as executor, and to insist on the necessity for the presence of the other parties. Consenting to the order as entered, they will not now be heard to complain that it was erroneously made.

In the final decree, it was provided that the defendants should recover from the plaintiff $300 as damages for the detention of lots 1 to 8 from the time of the sale to the time of the entry of judgment. These damages it is insisted are totally inadequate, and that on the record it is evident the finding should have been for a sum largely beyond this amount. This is not clear. These lots were totally unimproved, and at the time of the transaction seem to have been offered for sale at fifty dollars a lot, and the sum entered as damages would be the rental value figured at twenty per cent of their selling price. At least this is as nearly as may be gathered from the record on this subject. The actual value of their

use was not clearly nor satisfactorily shown, and there is no data which would enable this court to say that the court's finding of the amount of damages was totally unsupported by the testimony. Since this is true the decree cannot be disturbed because of this alleged error.

As has already been stated, the costs of this suit were adjudged against the defendants, and the costs of the suit in the county court against the plaintiff. This is made the basis of complaint by the appellants. It does not appear that Meily appealed from the decree, nor that there was any specific decree against him for costs at all. Judgment passed in his favor establishing his title to the eight lots with which he is apparently contented. Neither Putnam nor the Townsite Company can make the action of the court the basis of an assignment of error. The plaintiff recovered part of the property to which he claimed title, and in respect of these rights was entirely a successful litigant. In any event, the case being one in equity determinable by the court on the evidence before it, the matter of costs is so largely within the discretion of the chancellor that except in a case where there has been a plain and palpable abuse of it his action will not be disturbed. *Ratcliffe et al. v. Dakan et al.*, 16 Colo. 100.

The remaining ground of the appellants' complaint is that the decree restrains Putnam and the Townsite Company from interfering with the streets and alleys contiguous to the lot adjudged to belong to Lyon, and laid out on the plat originally filed by the Townsite Company. It is insisted that the absence of evidence to establish the plaintiff's right to the streets and alleys as platted, and to show the attempted interference of the defendants therewith, leaves the decree without the support of necessary proof. It is wholly unnecessary to discuss what might have been the rule concerning the necessity of proof on these subjects, had an issue been tendered which laid the burden on the plaintiff. According to the amended complaint and the amended answer, the plaintiff sufficiently averred his rights and adverse action by the defendants to entitle him to a decree in his favor in respect

of these matters, if his allegation were admitted. The amended answer takes issue on none of these averments. What is said in the cross complaint on this subject need not be considered, since in no event can that be taken as a denial of the plaintiff's complaint. The admissions which follow from the failure to deny relieve the plaintiff of the necessity to make proof, and entirely justifies the decree entered.

The preceding discussion disposes of all the errors discussed by counsel in their brief. The decree was justified by the proof, and is correct under the law, and since the court committed no substantial error in the trial of the case, the judgment must be affirmed.

*Affirmed.*