Wilson, P. J.
Plaintiff Brady claimed that he was employed by the defendant to secure for him an option to, or contract of purchase of some mining property, upon the express promise and agreement that if successful, he was to be paid therefor a commission of $1,000.' This suit is brought to recover that sum. It is conceded, or at least not disputed, that plaintiff thereafter conducted the negotiations and rendered the services as alleged, and that largely if not wholly through his instrumentality, the contract of purchase was secured for defendant upon terms acceptable to him. The only controversy is as to the alleged contract between plaintiff and defendant. Defendant denied that he ever entered into such contract or that he ever promised to pay to plaintiff the sum of $1,000, or any sum. This was substantially the sole dispute upon trial in the district court. It was the only and controlling issue presented to the jury, and it was an issue of fact. It would seem under these circumstances that under the well-established rule the verdict of the jury upon this controverted question would be conclusive upon this court. Defendant contends, however, that the rule should not apply, because the verdict was manifestly against the weight of the evidence, and that the evidence presented is not sufficient to support it.
An exception may be conceded to the rule when the verdict is so palpably against the weight of the testimony as to raise a presumption that it was rendered under the influence of passion or prejudice, but *160 we do not think this case comes within such an exception.' It would be impracticable and would serve no useful purpose to insert within this opinion all of the evidence bearing upon this question of employment. We think it only necessary to say that we have carefully read every line of the testimony, not only that presented in the abstract, but all that embraced within the typewritten bill of exceptions, and we have no hesitancy in saying that in our opinion the testimony of the plaintiff himself clearly established the alleged contract of employment, and the promise to pay. He was flatly contradicted by the defendant, who testified in his own behalf. They two were the only witnesses upon this disputed question. Their testimony presented an irreconcilable conflict of evidence. It was therefore a case peculiarly and specially within the province of the jury. The statement of the plaintiff was evidently believed, and the verdict was accordingly in his favor. It would therefore be a palpable disregard of the well-recognized rule if this court declined to he bound by the finding of the jury upon this question of fact, and undertook upon review of the evidence upon which it was based, to substitute its own and a different finding. It would he presumptuous on our part to undertake to say, solely from the typewritten statement presented to us, that the jury erred, and that it should have believed the statement of the defendant.
The judgment will be affirmed. Affirmed.