[No. 4586.]

## KEENER, EXECUTRIX OF ESTATE OF KEENER, v. WILKINSON.

1. **Deeds of Trust — Foreclosure Sale — Possession — Quieting Title.**

A sheriff's deed to vacant lots under a foreclosure sale pursuant to a decree foreclosing a deed of trust given by the owner in fee, vests in the purchaser the ownership in fee which carries with it the possession of the premises for the purpose of maintaining an action to quiet title in the absence of an actual entry and adverse possession taken by another.

2. **Evidence—Deeds—Objection.**

An objection to the admission in evidence of a sheriff's deed on the ground that "it is in improper form, and because it does not show on its face by what proceeding, step by step, it has been executed," does not present to the court an objection of variance between the description of the land in the deed, and that in the complaint.

3. **Appellate Practice—Objections in Lower Court.**

A judgment will not be reversed on a point which the trial court was given no opportunity to pass upon, which is of such character, that had the objection been made in the court below, the error complained of might have been obviated.

**4. Quieting Title—Costs—Discretion.**

The matter of taxing costs in an action to quiet title, is largely in the discretion of the trial court, and it will not be disturbed unless a plain and palpable abuse of such discretion appears. Where the plaintiff in such action secured a decree in his favor, the defendant has no cause to complain that the costs were divided, since all the costs might have been properly charged against him.

*Appeal from the District Court of Arapahoe County: Hon. Frank T. Johnson, Judge.*

Mr. J. P. HEISLER and Mr. W. F. ROBINSON, for appellant.

Mr. GUY LE R. STEVICK, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

This is an action brought by appellee against appellant to quiet title to eleven lots in Block 3 of Casey's subdivision of a portion of North Highlands, Arapahoe county, under section 255 of the Code of Civil Procedure, which provides:

"Sec. 255. An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse claim, estate or interest."

The complaint, in substance, alleges that plaintiff is the owner and in possession of the premises; that defendant claims an estate therein adverse to plaintiff; that such claim is without any right, and defendant has no title or interest therein.

The answer was a general denial, and an affirmative defense, setting up title to the property by virtue of a tax deed from the treasurer of Arapahoe county.

A replication was filed, denying the affirmative allegations of the answer, and averring that the tax

title relied upon by defendant was invalid and void for numerous reasons, specifically set forth in the reply.

The case was tried to the court, which found the issues in favor of appellee, and entered a decree accordingly, and that each party was to pay his own costs.

Plaintiff's title was based upon a sheriff's deed to him, pursuant to the terms of a decree of foreclosure, rendered by the district court in an action to foreclose a deed of trust given by the owner in fee of the property in controversy.

The assignments of error relied upon for a reversal of the judgment are:

1. The denial of defendant's motion for a nonsuit.

2. Admission of the sheriff's deed to the premises in question, over the objection of defendant.

3. Error in requiring defendant to pay part of the costs of suit.

1. It appears from the testimony that the premises involved were vacant.

The sheriff's deed, under the foreclosure decree, vested in appellee the ownership of the fee, which carried with it the possession of the premises for the purposes of this action, in the absence of actual entry and adverse possession taken by another.—*Phillippi v. Leet*, 19 Colo. 246-253; *Morris & Thombs v. Bank*, 17 Colo. 231-239; *Mitchell v. Titus, ante*, p. 385.

2. The objection made in the court below to the admission of the sheriff's deed, was as follows:

"I object, because it is in improper form, and because it does not show upon its face by what proceedings, step by step, it has been executed."

The objection urged here is, that the sheriff's deed purports to convey "lots 1 to 17 in block 3 of Casey's *re*-subdivision of a portion of North High-

lands." The description of the premises in the complaint is, "lots 1 to 17 of Casey's subdivision of a portion of North Highlands." It is obvious that the objection raised in the court below did not present to the court the objection here urged, and the court was given no opportunity to rule upon such objection, nor was counsel given an opportunity to explain the apparent variance in the deed by evidence *aliunde*.

It is a settled rule of this court that it will not reverse a judgment upon a point which the trial court was given no opportunity to pass upon, which is of such character that, had the objection been made in the court below, the error complained of might have been obviated.—*Cone v. Montgomery,* 25 Colo. 277-280; *Security & Bond Co. v. Wolfe,* 27 Colo. 218-225; *Schlageter v. Gude,* 30 Colo. 310-315.

That the objection to the deed might have been overcome, and the deed supplemented by evidence *aliunde,* is clearly manifest from the record; in fact, of eleven exhibits introduced by appellant in his chain of title, nine describe the property as being in "Casey's *re*-subdivision," while two only describe it as being in "Casey's subdivision."

3. Appellant has no cause of complaint upon the ground that the court ordered the costs to be divided between the parties, for the reason that the court below found appellee entitled to a decree, and so ordered, and all the costs of the action might have been properly taxed against him.—*Charlton v. Kelly,* 24 Colo. 273-275.

"The general doctrine is, that the matter of costs is so largely within the discretion of the chancellor, that his action will not be disturbed unless a plain and palpable abuse of such discretion appears." —*Radcliffe v. Dakin,* 16 Colo. 100; *Putnam v. Lyon,* 3 Colo. App. 144.

There was no abuse of discretion in apportioning the costs in this case.

Perceiving no error in the record, the judgment will be affirmed.                                    *Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE GUNTER concurring.