Walling, J.
This action was brought to recover for alleged conversion of ore, valued in the complaint at eleven hundred dollars. The plaintiff had verdict and judgment for one thousand dollars, from which judgment the defendant appealed.
*426 The testimony upon which the liability of the defendant depended was sharply conflicting; and, as there was sufficient evidence to support a verdict in favor of the plaintiff, by the settled rule in this jurisdiction, this court is bound to regard the verdict of the jury as conclusive of the issues in that regard. The objection that the verdict was too large does not appear to have been made in any form in the district court, and the instructions of the court to the jury are not embodied in the record here; so that by an equally well settled principle of appellate procedure we are precluded from determining that question from the evidence. It may be said, however, that the necessary discrepancy between the amount of the verdict and the testimony of defendant’s witness on the subject of value is by no means so great or so obvious as has been assumed in the brief for appellant. Any supposed error in calculating the amount of damages might have been prevented by a proper instruction, if offered, and the court might have corrected the verdict in that particular, if attention had been called to the matter in a timely way. At any rate, the record shows no exception upon which the objection may be urged here. The following decisions may be consulted as supporting the foregoing conclusions: Omaha etc. Co. v. Tabor; 13 Colo. 41, 54-55, 58-59; Green v. Taney, 7 Colo. 278; Keener v. Wilkinson, 33 Colo. 445; Farmers’ etc. Co. v. Trombly, 17 Colo. App. 513; Rickey v. Brady, 18 Colo. App. 158; Miller v. Kinsel, 20 Colo. App. 346; Hugus v. Hardenburg, 19 Colo. App. 464, 472. None of the assignments of alleged errors appears to be well founded, and the judgment is affirmed.

Affirmed,