[No. 3614.]

CHARLTON v. KELLY.

1. TAX SALES.

Property exposed to sale for taxes must be offered to private bidders from day to day until the sale is concluded before it may be struck off to the county in default of another bid.

2. SAME—AFFIDAVIT OF PUBLICATION.

An affidavit of publication of notice of sale made in conformity with the statute and filed in the proper office is a prerequisite to a valid tax deed.

3. SAME—JUDGMENT—REIMBURSEMENT FOR TAXES PAID.

Action to remove a cloud from title, the cloud consisting of a tax deed under which the defendant claimed. *Held*, the tax deed having been found to be void, that the decree for the plaintiff should have been conditioned to take effect only upon payment into court within a reasonable time for the use of the defendant of an amount sufficient to reimburse him for the amount for which the land was sold at the tax sale with interest thereon and penalties as prescribed by sec. 3905 Mills' Ann. Stats., together with the amount of subsequent taxes paid by him and interest thereon at the rate designated in section 3904, or else there should have been a preliminary order adjudging the plaintiff to pay into court for the use of the defendant the amount found to be due, and upon compliance therewith, an absolute decree establishing the ownership in the plaintiff.

*Appeal from the Court of Appeals.*

Mr. WILLIAM YOUNG, for appellant.

Mr. WILLIAM O'BRIEN for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This is an action by appellee (plaintiff below) to remove a cloud from the title to a town lot in the town of Aspen. The cloud consists of a tax deed executed by the county treasurer of Pitkin county to the defendant (appellant) Charlton, who is the assignee of the county for whom the treasurer bid off the property. Upon the trial it was admitted that the plaintiff was the owner of the lot unless the tax

deed divested her of her title and vested it in the defendant. If the tax deed is void, the judgment below (which was for the plaintiff) should stand. The pleadings are so framed that the issue as to the validity of that instrument is properly raised. The judgment of the county court was affirmed by the court of appeals, and the defendant appeals to this court.

The county court specifically found that the deed is void because the treasurer bid off the property for the county, without first offering and reoffering the same to private bidders, and giving them an opportunity to buy, and this was the ground of affirmance in the court of appeals. Mills' Ann. Stats. sec. 3888 (Gen. Stats. 1883, sec. 2918). The county court also held the deed void for other reasons, not specifying them. The record is not entirely clear as to this point, but we think the facts are as stated by the court of appeals (7 Colo. App. 301), and that its conclusion of law is correct.

1. But for another and altogether conclusive reason, we are of opinion that the tax deed is void. No affidavit of publication of the notice of sale in a newspaper was made or filed in the proper office. This was held to be requisite in *Morris et al. v. St. Louis Nat. Bank*, 17 Colo. 231. In that case there was an abortive attempt to show compliance with the statute by the production of an affidavit of publication in a newspaper, but it was held entirely insufficient under our statute. In the case at bar it appeared that no affidavit at all was ever made,—at least, that, by diligent search, it was not to be found in the office of the county clerk, where it should be lodged· and preserved. The showing by the plaintiff in that behalf was sufficient to overcome the *prima facie* presumption that a proper affidavit was made and filed, which, under the statute in relation thereto, the execution of the tax deed furnishes.

But it is said that at the trial the plaintiff admitted that the notice of sale was published in a newspaper for four weeks prior to the day of the sale. This is true, but in connection with such admission was the objection that the only evidence of that fact was the production of the affidavit itself,

or satisfactory proof of its loss, and evidence of its contents. This was held to be the requirement in the *Morris Case, supra*, and also in the case of *Rustin v. The M. & M. Tunnel Co.*, 23 Colo. 351, the opinion in which was handed down since the briefs in the pending case were prepared. The doctrine of these two cases, as his argument virtually concedes, would unquestionably settle the contention here against appellant, were it not for the admission by the plaintiff of the fact of publication, which, however, the appellant insists does away with proof, by way of the production of the affidavit or otherwise.

This claim might be granted as a general proposition, but it does not apply here; for when we turn to the statute (2 Mills' Ann. Stats. sec. 3884; Gen. Stats. sec. 2914) we find that the affidavit required must, *inter alia*, state " that copies of each number of said paper, in which said notice and list were published, were delivered by carriers or transmitted by mail to each of the subscribers of said paper, according to the accustomed mode of business in this office." Now it is too apparent for argument that an admission, or proof, merely that the notice of sale appeared for four weeks in a newspaper, which was all that the admission of the plaintiff in this case was, falls far short of being equivalent to proof of the fact of delivery of copies of the newspaper which the statute makes imperative.

2. Before the trial, the county court, at the instance of the plaintiff, dismissed the action against the other two defendants without taxing against plaintiff the costs incurred in making them parties to the action; and included in the decree was an order taxing against the defendant one half of the costs of the action. Both of these orders are assigned as errors by defendant Charlton.

The defendant has no cause for complaint upon either ground, for if the plaintiff was entitled to a judgment, as the court below found, all of the costs of the action might properly have been taxed against the losing party.

It is said, further, that the court erred in computing the

amount due to the defendant for his disbursements in the way of taxes paid and the interest and penalty thereon which, under the statute, he is entitled to when the plaintiff recovers. The computation seems to have been made under section 3904, Mills' Ann. Stats. (Laws, 1885, p. 320, sec. 1), whereas, as the appellant contends, the reckoning should have been both under this section and section 3905 (Gen. Stats. sec. 2935).

Upon examination we find that section 3904 applies where the owner brings an action for the recovery of the possession of land, and when he succeeds he must pay back to the defendant the value of improvements, etc., and all taxes paid by the latter *after the sale*, with interest thereon at the rate of fifteen per cent per annum. There is no provision in this section for the repayment of the amount which was paid by the purchaser at the delinquent tax sale, or for any interest or penalty thereon. Where, without suit, redemption by the owner is made from a tax sale, section 3905 furnishes the rule for the repayment of the amount for which the same was sold, together with the designated penalty and rate of interest. While section 3904 purports to provide, in part at least, what amount shall be paid by the owner in case he succeeds in his action at law in recovering the possession, and section 3905 is applicable to a case where the owner redeems without recourse to an action, still, when the recovery of possession is by an action, or where, as in the case at bar, the object of the action is to remove a cloud, or to quiet title, it is only fair, where it appears the taxes were legally assessed and due for which the sale was made, that the owner should, before receiving a decree in his favor, pay not only taxes paid by the defendant after the sale, together with interest, but also the amount for which the same was sold at the tax sale, together with the interest and penalties provided by law.

The district court erred in this respect, and in making the computation of the amount due the defendant should have proceeded under both of these sections. The sum properly due the losing defendant in this case is the amount of sub-

sequent taxes paid by him, together with interest thereon at the rate designated in section 3904, and, in addition thereto, the amount for which the land was sold at the tax sale, together with interest thereupon and the penalties as prescribed in section 3905.

Complaint is also made by the appellant that the court below erred in rendering an absolute decree in favor of the plaintiff without first requiring her to pay to the defendant, or to deposit in court for his benefit, the amount found to be due, as a condition precedent to the taking effect of the decree. We think the point is good. The court entered an absolute decree adjudging the plaintiff to be the owner of the lot, and then rendered a money judgment in favor of the defendant making the same a lien against the property. This is not proper. The court should have entered a preliminary order adjudging the plaintiff to pay into court for the use of defendant the amount found to be due, and, if compliance was had therewith, then have entered an absolute decree establishing the ownership in the plaintiff; or, in lieu thereof, the court might have entered a decree to take effect only upon condition that the amount found to be due from the plaintiff to the defendant was, within a reasonable time, paid into court. It was not just to the defendant to render a decree of such a character as that, if the plaintiff failed to make the required payment, the defendant would be obliged to bring his suit to foreclose the lien created. Under section 3904, *supra*, the amount due the defendant is required to be paid *before* the plaintiff obtains possession, and a similar rule should apply where the object of the action is to remove a cloud.

For the reasons given the judgment of the court of appeals will be reversed, and the cause remanded with directions to instruct the county court to vacate the decree heretofore entered, and to make a computation of the amount due the defendant up to the time of the former trial upon the basis fixed herein, and then render a decree for plaintiff in accordance with the views expressed in this opinion.

*Reversed.*