32   67
e33  478

# January Term, 1904.

[No. 4395.]

## The Pueblo Realty Company v. Tate.

1. **Quieting Title—Void Tax Sales—Conditional Decree—Payment of Tax and Penalties.**

   In an action to quiet title to real estate and to remove therefrom a cloud consisting of void tax-sale certificates, a decree in plaintiff's favor conditioned upon the payment by plaintiff into court for the use of defendant of the amount of taxes due upon the property together with interest and penalties as provided by statute for the redemption of land from tax sales was proper.

2. **Quieting Title—Tax Sales—Combination to Suppress Competition—Principal and Agent.**

   In an action to quiet title to real estate and remove therefrom a cloud consisting of tax-sale certificates, the party asking relief cannot complain of a combination to suppress competition and stifle bidding at the tax sale where the alleged combination was made by its own agent.

*Appeal from the District Court of Pueblo County.*

Messrs. Waldron & Devine and Mr. H. A. Dubbs, for appellant.

Messrs. McBeth & May and Mr. John T. Adams, for appellee.

Mr. Justice Steele delivered the opinion of the court.

Suit was begun by the appellant in the district court to quiet its title to certain unimproved lands in Pueblo county and to remove an alleged cloud consisting of certain tax-sale certificates issued by the treasurer of Pueblo county to the appellee at a tax sale held in Pueblo on the 1st of February, 1897, alleging that the said tax certificates are void and of no effect

(67)

because of certain irregularities in the proceedings leading up to the sale, and because of an alleged unlawful combination on the part of the bidders at the sale to stifle competition. It developed upon the trial that The Colorado Coal and Iron Development Company was, in the year 1897, the owner of the land; that the treasurer of The Colorado Fuel and Iron Company was the receiver of The Colorado Coal and Iron Development Company; that the fuel company was a creditor of the development company and held its bonds; that the treasurer of the fuel company directed a person named Ladd to proceed to Pueblo for the purpose of attending the tax sale and furnished him money for the purpose of buying the property; that on the day of the tax sale, when the property was about to be offered for sale, Ladd publicly announced that he held the 1894 tax certificate on nearly all the development company property, that he would like to bid in the property on which he held the certificates, and that if he could not bid in the property he would pay the subsequent taxes. He also had a private understanding with the agent of the appellee to the effect that appellee was to permit him to purchase the property without opposition, and that he, Ladd, would request the treasurer to issue certificates to the appellee for the property in controversy here. The property was then sold to Ladd, and, under written instructions from Ladd, the certificates were issued to Tate, the appellee. Tate paid the amount of taxes then due upon the property, and up to the time of the institution of the suit had paid the taxes upon the property as they became due. The assets of the development company, including the property in controversy, were purchased by an employee of the fuel company, who transferred them to the appellant. The appellant is a company organized by the officers of the fuel company, and all the stock

of the appellant is held by the fuel company except the shares owned by the officers of the company in sufficient amount to qualify them as directors. The court held that the tax certificates were void, and directed that upon the payment of the amount of taxes due upon the property, together with interest and penalties, as provided by section 3905 of Mills' Annotated Statutes, a decree be entered declaring the said appellant to be the owner in fee of the premises; the order being, in part, as follows: ''And it is further hereby ordered, adjudged and decreed that upon the payment to, or deposit with the clerk of this court for the use of the said defendant, of the said sum of money aforesaid, then in such event all and singular the said certificates of sale, shall, and hereby are adjudged to be canceled and wholly held for naught; and that after the payment of said sum of money as hereinbefore mentioned as aforesaid, the plaintiff shall be and hereby is adjudged to hold its fee simple title to the premises in controversy, and every part thereof, free and clear of all and every character of claim, interest, estate, lien or demand of the defendant herein of every kind and character whatsoever.''

From the decree the plaintiff prayed an appeal to this court.

In the brief filed by the appellant, the following statement appears: ''In this connection, we are confronted with the decision of this court in *Charlton v. Kelly*, 24 Colo. 273, and to an examination of that case, which we contend announces an utterly erroneous rule of law, entirely unsupported by any authority, good, bad or indifferent, we now address ourselves. In truth, the question, as to whether this court will allow its decision in the Charlton case to stand as the law of this state, or whether it will refuse to follow that decision, is the chief bone of contention

in this case, and was the only serious question at issue between the parties below."

It was held in the case of *Charlton v. Kelly, supra,* that where a tax deed has been found to be void, in a suit brought to remove a cloud upon a title, the decree for the plaintiff should be conditioned to take effect only upon the payment into court within a reasonable time, for the use of the grantee in the deed, of an amount sufficient to reimburse him for the amount for which the land was sold at the tax sale, with interest thereon and penalties as prescribed by section 3905 Mills' Annotated Statutes, together with the amount of subsequent taxes paid by him and interest thereon at the rate designated by section 3904. The decree rendered by the court is in compliance with this decision, and the plaintiff was decreed to be the owner in fee of the property upon condition that it deposit in court the amount prescribed by the statute. It is contended that the doctrine announced in the case of *Charlton v. Kelly* is not applicable to this case, because in the Charlton case a tax deed had issued, whereas, in this case, tax certificates only had issued. There is no substantial difference in the cases, and if the Charlton case shall be reaffirmed, it is decisive of this case. We think we are not warranted in again considering the questions presented in the case referred to, particularly as real property is involved; and for the reasons assigned in the case of *Mouat Lumber Co. v. Denver,* 21 Colo. 1, we must decline to recede from the position then taken. It may be, as counsel contend, that it does not find support in the majority of the other courts of the Union, but that is not a ground for changing the rule of law there announced.

If it were established that an unlawful combination had been entered into to prevent competition and to stifle bidding, a different rule might perhaps pre-

vail; but in this case, although it is asserted that such unlawful combination did exist, the testimony fails to establish any other combination than that in which the parties who now seek to relieve themselves of the rule announced in the Charlton case were parties. These corporations and the corporation now asking relief were controlled by the same officers; the person who is alleged to have made the unlawful combination to prevent competition was the agent of the company that now owns the stock of the appellant; and under such circumstances the company cannot be heard to complain.

For the reasons given, the judgment is affirmed.

*Affirmed.*