[No. 4993.]

[No. 2540 C. A.]

ELDER, EXECUTOR, v. THE BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY.

1. **Taxes and Taxation—Void Assessment and Sale—Liability of County.**

Under section 3776 Mills' Ann. Stats., making counties liable to the purchaser for principal and interest paid for land, which by mistake or double assessment is sold for taxes, upon which no taxes are due, counties are not liable for void sales except where the property was not subject to taxation, or by reason of a double assessment no tax was due. Where a tax sale was void because non-contiguous tracts of land were assessed and sold en masse, and also because the land was sold for personal tax, the county is not liable to the purchaser under said statute.

2. **Same—Redemption.**

In an action by the owner of land to redeem from a tax sale where the sale was void because non-contiguous tracts were assessed and sold en masse, the court should, as a condition precedent to setting aside the tax-sale certificate, require the plaintiff to pay to the purchaser the money paid out by him at the tax sale and subsequent to the sale, as taxes upon the land, together with the interest and penalties prescribed by statute.

3. **Taxes and Taxation—Land Sold for Personal Tax—Liability of Counties.**

Where land is erroneously sold for personal tax, the county commissioners should refund to the purchaser the amount of such personal tax.

*Appeal from the District Court of Chaffee County: Hon. Morton S. Bailey, Judge.*

Mr. GEORGE R. ELDER, for appellant.

Mr. G. K. HARTENSTEIN, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court.

Action was brought under section 3776 of Mills' Annotated Statutes, which is as follows: "When, by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless by paying him the amount of principal, and interest at the rate of twenty-five per cent. per annum; and the treasurer, clerk or assessor, as the case may be, and his sureties on his official bond, shall be liable to the county for all losses sustained by the county from sales made through the (their) mistake or misconduct."

Some time prior to the filing of the complaint, Perley Dodge bought, at tax sale, certain lands in the county of Chaffee, and, having paid the subsequent taxes thereon, a certificate of purchase was issued to him on the 3d of December, 1894, by the county treasurer of Chaffee county. A suit was brought, by the owners of the land, in the district court for the purpose of having the certificate of tax sale canceled, praying that the plaintiffs be allowed to redeem the land and that the treasurer of the county be enjoined from delivering a deed therefor. The court rendered a judgment declaring the tax certificate void, and granting the injunction. This suit is brought to recover the amount paid at the tax sale, with legal interest since 1894, for the amount of subsequent taxes paid and for one hundred and fifty dollars attorney's fees. An amendment to the complaint

was filed setting forth and alleging that there was no legal lien for tax purposes upon the property at the time of the issuance of the certificates, and that at the time of the sale there was no tax due upon said property, by which the same could be legally sold to plaintiff's decedent. The court sustained a general demurrer to the complaint, and the cause was dismissed and judgment rendered for the defendant. From the judgment the plaintiff appealed to the court of appeals.

We are of opinion that the demurrer was properly sustained. The section which requires the county commissioners to hold harmless these purchasers at tax sale, we think, does not include those sales, although void, of taxable property, and that the plaintiff's remedy is to have, in any suit brought by the owners of the property to redeem, the court fix, as a condition to the setting aside of the tax certificate, that the plaintiff be required to refund to the purchaser of the tax certificate the amount paid by him, with legal interest. Counsel have cited the case of *Hurd v. Hamill,* 10 Colo. 174, wherein it was held that this section (3776) authorized recovery from the county of moneys paid at tax sales, and costs and expenses incurred in defending a suit against the certificate. We cannot ascertain the status of the premises which, in that case, were sold for taxes. It is stated in the opinion that it is conceded that the assessment of the Cushman property was void by reason of an error of the assessor in making an assessment of the same in 1876. This case is authority for holding that when an assessment is void and the property is subsequently sold at tax sale, the purchaser of the tax certificate may recover from the county the amount paid by him, together with interest at the rate of twenty-five per cent. per annum. But we do not understand from the reading of that

case that every assessment which may be held void burdens the county to the extent of requiring it to refund to the purchaser at the tax sale the amount of money paid. But, whether that case was decided upon the theory that the statute contemplated the repayment by the county commissioners to the purchaser of tax certificates whenever the assessment for any reason was held void, or not, we are now of opinion that the county is not required to refund to a purchaser at a tax sale the money paid at such sale, unless it appears that the property sold was not taxable property, or that by reason of a double assessment of the property the tax was not due. The purchasers of tax certificates are abundantly protected. If the property is not redeemed, a tax deed issues, and, after the expiration of the time fixed by the statute, the title obtained at tax sale ripens into a perfect title. If the redemption is sought before the issuance of the tax deed, the statute requires that the court shall cancel the certificate and permit the party to redeem only on condition that he pay to the purchaser at tax sale, his money, together with interest and penalties. And we have held, in the case of *Charlton v. Kelly,* 24 Colo. 273, and *Pueblo Realty Trust Co. v. Tate,* 32 Colo. 67, that after the tax deed is issued, the court should set aside the tax deed and quiet the title to the property only on condition that the owners pay to the tax-sale purchaser the same interest and penalties as those prescribed for redemption, before the issuance of the deed.

It appears in this complaint that the reason the court declared the tax certificate void was that the assessor had valued, assessed and returned said property *en masse*, without classifying the same in separate tracts and parcels; that said tracts and parcels of land were not adjoining and contiguous, and that said premises were sold for certain personal prop-

erty tax assessed against the owner of the property for the year 1893. It appears, therefore, that the property mentioned was taxable property. At least, there being no allegation that it was not taxable property, we shall presume that it was taxable property, and the allegation in the amended answer that there was no tax legally due upon the premises, must be held to mean that there was no tax due upon the premises because the assessor had assessed non-contiguous lands *en masse,* and because the property was sold to pay a personal tax. It has been held by this court that the personal tax is not to be refunded in suits of this character; and we know of no reason why the county should be required to refund to the purchaser at a tax sale the amount of subsequent taxes paid by him, unless it appears that the property at the time of the sale and at the time he paid the subsequent taxes, was not taxable.

In the suit brought by the owners of this property to redeem from the tax sale, the court should, as a condition precedent to setting aside the tax certificate, have required the plaintiff to pay to the purchaser of the tax certificate the moneys paid out by him at the tax sale and the moneys paid by him subsequent to the tax sale, as taxes upon the premises, together with the interest and penalties prescribed by statute. And if the county commissioners have erroneously charged personal tax upon real estate, and the treasurer of the county has sold the real estate to pay the personal tax, the county commissioners should refund to such purchaser the amount of taxes on the personal estate.

We think the demurrer was properly sustained, and the judgment will be affirmed.

*Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.