[No. 5821.]

## WHITEHEAD v. CALLAHAN.

1. **Pleading—Departure**—Where, in an action of ejectment, the defendant pleads title by a tax deed, the replication may assail such deed for irregularity in the conduct of the sale.—Pp. 397, 398.

2. **Ejectment—Mesne Profits**—The plaintiff recovers rents. —P. 399.

3. **Statutes Construed**—The statute, Mills' Stat., § 435, providing that "all conveyances duly executed and delivered entitle the grantee to immediate possession," does not extend to a tax deed void upon its face.—P. 399.

4. **Tax Title — Assailing — Tender of Taxes —** Under Mills' Stat., § 3904, plaintiff in ejectment may assail a tax title set up by defendant, without making tender of the taxes paid by the defendant.—P. 400.

Sale en masse of noncontiguous parcels assessed separately, is void.—P. 401.

5. **Tax Deed—Void**—A treasurer's deed which shows upon its face noncompliance with essential preliminary steps in the sale, is void.—P. 402.

6. **Pleading — Prayer —** Where a defendant appears and answers, any appropriate relief may be awarded, whether prayed or not., e. g.: in ejectment, the cancellation of a void tax deed set up by defendant.—P. 402.

*Appeal from El Paso District Court.*
*Hon. Louis W. Cunningham, Judge.*

Mr. MURAT MASTERSON, for appellant.

Mr. A. F. WOODRUFF, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action for the recovery of the possession of real property under section 265 of the Code.

The complaint alleges that plaintiff is the fee owner and entitled to the possession of certain real property in El Paso county, from which defendant wrongfully ousted him and possession of which he retains. It also states the monthly rental value of

the land and asks as damages the value of the use during the time defendant held it. The only defense of the answer necessary to notice is the one in which defendant asserts title based upon a treasurer's tax deed, since solely upon that he relies. In the replication plaintiff sets up various particulars in which this tax deed is void. On trial to the court without a jury, the issues generally were found for plaintiff, and the tax deed held void on several grounds stated in the opinion. On these findings judgment went in plaintiff's favor, awarding him possession of the property and the sum of $230.97, which was the rental value less the amount of taxes, interest, and penalties to which the tax purchaser is entitled under our revenue law. The decree also canceled and held for naught the tax deed. From this judgment and decree defendant has appealed, assigning numerous errors, which we take up in their order.

1. With apparent earnestness defendant argues that in this form of action, which is the code substitute for the common-law action of ejectment, only the legal title can be investigated, and that the replication attacking the validity of the tax title, which he himself, in his answer, pleads and relies upon to defeat plaintiff's recovery, is a departure from the cause of action stated in the complaint. The learned author of Pom. Rem. Reml. Rts., §§ 98-106, says that equitable ownership is a good basis for ejectment. That question, however, is not important here, for plaintiff relies upon his legal title. If, however, it can be said that a replication attacking defendant's tax title introduces into the case an equitable issue which was not tendered by the complaint, but which, nevertheless, the court determined, defendant himself is responsible for it by setting up in his answer such title as the basis of his right. Certainly he cannot complain that the plaintiff assailed that title

in his replication or that the court determined it. But if it were otherwise, it scarcely needs argument to show that this replication does not constitute a departure from the complaint or introduce a new cause of action. It is entirely consistent with, and fortifies, the complaint. The matters alleged in the replication were rendered necessary by the answer, if plaintiff wanted to question the validity of the tax deed.— 6 Enc. Pl. & Pr., p. 463, *et seq.,* and authorities cited; *Insurance Company v. Friedenthal,* 1 Col. App. 5.

Two cases quite in point in our own court are squarely against this contention that the replication is a departure from the complaint.

*Schlageter v. Gude,* 30 Colo. 310, was an action to quiet title. The complaint alleged ownership in plaintiff and the defendant's answer set up title in himself. To this answer plaintiff filed a replication, relying upon a title based upon the statute of limitations. Defendant moved to strike this reply upon the ground that it stated matters which should have been set out in the complaint and could not be pleaded in the reply; but the court held that the replication did not depart from the cause of action or the case as originally pleaded.

*Mitchell v. Titus,* 33 Colo. 385, was also a code action to quiet title. The answer, as in the case at bar, alleged an adverse claim under a tax deed. The replication traversed this new matter in the answer, setting up the invalidity of the tax deed. The court held that this did not constitute a departure from the complaint.

Though these two cases were equitable actions, the principle, so far as the question of pleading is concerned, is precisely the same as in a legal action to recover possession. See, also, *Lebanon M. Co. of New York v. Rogers,* 8 Colo. 34.

2. Defendant maintains that under the issues

there could be no recovery of rents and profits. Our code expressly permits such a recovery and our decisions have repeatedly recognized the practice.— Code, §§ 267, 269; *Ghost v. Shuman,* 4 Col. App. 88.

In Sedgwick & Wait on Trial of Title to Land, at section 61, the author says that "damages and mesne profits are generally made by statute part of the recovery in the ejectment suit." Whatever the rule may be elsewhere, our statute expressly authorizes such recovery.

Defendant further contends that plaintiff was not entitled to recover any damages, because he entered into possession under a tax deed, and under the laws of this state a tax deed gave him the right of possession, and, having thus the right of possession, he was entitled to the rents and profits. It is true that under section 435, Mills' Ann. Stats., all conveyances of real estate duly executed and delivered are held to carry with them the right to immediate possession of the premises, unless a future day for possession is therein specified. This statute, however, does not mean that if the deed of conveyance is a void deed, that the grantee thereunder is entitled to possession. If this tax deed was void, especially if it was void upon its face, as the court found it was, which holding we have elsewhere herein affirmed, defendant's occupancy of the land in controversy under it was a trespass.—*Williams v. Conroy et al.,* 35 Colo. 117.

Defendant also maintains that the court committed error in computing the time for which an award of rents and profits was made. We have examined this record with care and are satisfied that the allowance is upheld by the evidence, even assuming the period of time to be as defendant contends.

3. There was no tender by plaintiff to defendant before suit brought, or any deposit made in

court, to cover the amount of taxes which defendant had paid upon the lands in question during· his occupancy, and the interest and penalties to which, under the law, he was entitled. Because of the failure in this respect, defendant says the action cannot be maintained. There is no law of this state which requires any such tender. While plaintiff may have known of defendant's claim under the tax deed, nothing is said in the complaint about it, and for the first time in the answer such issue was tendered. The law bearing upon this subject is found in 2 Mills' Ann. Stats., § 3904. It provides that in a suit brought for the recovery of lands sold for taxes, when the recovery is effected, in all cases all taxes paid after the sale thereof by the purchaser, with interest thereon, shall be ascertained by the jury trying the action for the recovery, and paid by the person recovering the same before he shall obtain possession.

In *Charlton v. Kelly*, 24 Colo. 273, it was held that the court in its decree or judgment should enforce the provisions of this section and, by implication at least, it was recognized that the one who sues to recover is not obliged in advance to make a tender of taxes. In other jurisdictions under similar statutes like decisions are made.—*West v. Cameron*, 39 Kan. 736.

4. The court held defendant's tax deed void on three grounds: because the property, consisting of noncontiguous, separate and distinct tracts, was sold *en masse*, and not in separate parcels; that the sale was for an excess tax; and that defendant, the purchaser at the tax sale, did not comply with section 3902a, 3 Mills' Ann. Stats., Sup., which provides that a tax purchaser shall not be entitled to a tax deed until he serves a certain notice. We shall disregard the last two grounds, expressing no opinion thereon,

for we are satisfied that the decision below was right, and should be affirmed, for the first of the three reasons given, as we now proceed to show:

The land in question consists of several separate and noncontiguous tracts comprising about 2,800 acres, situate in different sections and different ranges. The tax deed, upon its face, shows that these tracts are distinct and noncontiguous, and that they were offered and sold *en masse,* and not separately, as the statute requires; that the tax for which the sale was made was the tax on the entire property, and the amount of the tax of each separate and distinct tract does not appear. The oral testimony which the court heard as to the manner of the sale does not cure these defects in the deed. Indeed it tends strongly to corroborate the language of the deed that the entire property, as plaintiff claims, was sold *en masse,* and not in separate parcels. Such a showing renders the sale void, as this court has decided, and as the authorities generally are.— *Knowles v. Martin,* 20 Colo. 393; *Crisman v. Johnson,* 23 Colo. 264; *Emerson v. Shannon,* 23 Colo. 274.

Defendant makes the further point that upon the assumption that the property was sold *en masse,* still under the provisions of section 5, page 46, Session Laws 1894, which is that "Where there are two or more lots or tracts of lands valued and assessed jointly, the treasurer shall sell the same jointly, as assessed," the treasurer might lawfully sell this property *en masse,* because the several tracts were jointly assessed. Whether this statute permits the assessor to assess two or more noncontiguous lots or tracts of land jointly we need not decide, for this record shows without any contradiction that each of the several parcels or tracts of land involved in this case was assessed separately and not jointly, and therefore the statute, even if it has the meaning which defend-

ant attributes to it, is inapplicable. The record showing, as it does, that these several tracts of land were separately assessed, and it further appearing on the books of the treasurer and the tax sale record of his office that the separate taxes for the separately assessed tracts were not extended, but only the aggregate amount of the tax for the entire acreage appeared upon the treasurer's books, that officer could not, had he so desired, and did not, offer for sale, or sell, these several tracts separately.

The conclusion is irresistible that the property separately assessed was offered for sale and sold *en masse,* and hence the sale was void.

While a tax deed is *prima facie* evidence that certain essential preliminary steps by the taxing officers have been taken, yet where the tax deed on its face shows that they have not been, the deed is void on its face. This deed is not only void upon its face, but the oral testimony which was introduced would make it so.

5. There is no merit in defendant's contention that that part of the decree canceling the tax deed was without authority, because there was no specific prayer in the complaint or in the replication for such relief. Under our code practice the prayer is unimportant. Where the defendant appears and answers, the court may award any relief, legal or equitable, which, under the pleadings, the facts of the case justify. The defendant here having pleaded as the sole basis of his title the tax deed, and the court having declared it void, properly ordered its cancellation.

The judgment and decree of the court are right and should be affirmed.                    *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.