[No. 6224.]

## THE EMPIRE RANCH AND CATTLE COMPANY v. LANNING.

1. **Quieting Title—Tender of Taxes Not Necessary** — The owner of lands in possession may have a bill to quiet his title without first making tender of the taxes and statutory penalties, where the defendant claims under a void tax deed.—(459, 460)

2. ——**Costs**—The defendant asserting an adverse title, and litigating it, is to be charged costs, as in any other case. Otherwise if he disclaims (Code, sec. 256).—(461)

3. **Tender—Waiver**—Defendant to a bill to quiet title, defends, claiming under a tax deed. He thereby waives the omission of the plaintiff to tender the taxes and statutory penalties, even if this were necessary.—(461)

4. **Appeals—Objections Not Taken Below**, are waived, and will not be considered upon appeal.—(462)

5. **Trials—Objections to Evidence**—Grounds of an objection to evidence not then expressly assigned, and which, if then assigned, might have been cured by an amendment, is waived. —(462, 463)

6. **Evidence—Records—Originals**—The original of a public record may be received in evidence.—(464)

7. **Tax Deed—Sale to County**—A sale of land to the county, on the first day of a tax sale, is void. A deed issued thereon is void.—(464)

The invalidity may be shown by evidence aliunde the deed. —(464)

*Appeal from Yuma District Court*—Hon. E. E. ARMOUR, Judge.

Mr. R. H. GILMORE for appellant.

Mr. JOHN F. MAIL for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiff in possession brought suit, under section 255 of the civil code, to quiet title to the land in dispute, claiming to be the owner in fee. The defendant sets up and relies upon an alleged tax title as being paramount and superior to that claimed by plaintiff. Judgment was for the plaintiff, holding defendant's tax deeds void and quieting title in plaintiff, on payment of all tax outlays by defendant, with accrued interest and penalties. To review that judgment, defendant brings the case here on appeal.

The first point is, that without tender of taxes lawfully assessed against the land in question, and paid by defendant, with statutory interest and penalties added, the suit cannot be maintained. This question is already, at least in effect if not directly, and certainly in principle, settled contrary to defendant's contention. — *Morris v. St. Louis Nat. Bank,* 17 Colo. 231; *Charlton v. Kelly,* 24 Colo. 273; *Pueblo Realty Co. v. Tate,* 32 Colo. 67; *Elder v. Chaffee County,* 33 Colo. 475; and *Whitehead v. Callahan,* 44 Colo. 396.

In *Whitehead v. Callahan, supra,* this court, speaking through Mr. Justice Campbell, to this point, said:

"There was no tender by plaintiff to defendant before suit brought, or any deposit made in court, to cover the amount of taxes which defendant had paid upon the lands in question during his occupancy, and

the interest and penalties to which, under the law, he was entitled. Because of the failure in this respect, defendant says the action cannot be maintained. There is no law of this state which requires any such tender. While plaintiff may have known of defendant's claim under the tax deed, nothing is said in the complaint about it, and for the first time in the answer such issue was tendered. The law bearing upon this subject is found in 2 Mills' Ann. Stats., section 3904. It provides that, in a suit brought for the recovery of lands sold for taxes, when the recovery is effected, in all cases all taxes paid after the sale thereof by the purchaser, with interest thereon, shall be ascertained by the jury trying the action for the recovery, and paid by the person recovering the same before he shall obtain possession. In *Charlton v. Kelly,* 24 Colo. 273, it was held that the court, in its decree or judgment, should enforce the provisions of this section, and, by implication at least, it was recognized that the one who sues to recover is not obliged in advance to make a tender of taxes. In other jurisdictions under similar statutes, like decisions are made.—*West v. Cameron,* 39 Kan. 736.''

It is objected that the decision in *Whitehead v. Callahan, supra,* is not pertinent, because that was in ejectment, a law action, while the case at bar is in equity. It may be admitted that this distinction, though not recognized by the code, as to the nature of the two actions, exists; still, in effect, the cases are precisely alike. They involve a consideration and determination of exactly the same question. The sole difference lies in the position of the respective plaintiffs. In the law case, the plaintiff, out of possession, but claiming the fee, seeks to get possession as against one already in, claiming under tax deed. While, in the other, the plaintiff, in possession, claim-

ing to be the owner, seeks to retain that possession, and have his title quieted, as against one out of possession but claiming by tax deed. The controlling factor in each case is the validity of the tax title. Under our statute and practice, in either action, whether in ejectment or to quiet title, full protection is afforded the defendant for his outlay before plaintiff can get relief. On principle, therefore, the rule in both cases as to tender must be the same. The difference between the two actions is of form only, and we are no longer slaves to mere form.

Besides, if a tender had been necessary, the right to have it made was waived by the defendant when he answered over and set up a claim of superior title, thus demonstrating that a tender would have been futile.—*Gould v. Stanton,* 54 Wash. 363; *Bender v. Bean,* 52 Ark. 132; *Gill v. Newall et al.,* 13 Minn. 462; *Brown v. Eaton,* 21 Minn. 409; *Brock et al. v. Hidy et al.,* 13 O. St. Rep. 306; *White v. Dobson,* 17 Grattan's Rep. 262; *Hunter v. Daniel,* 4 Hare 420; Hunt on Tender, sec. 26. So that, under the facts and pleadings now before us, no tender was necessary.

The defendant next complains that it was put to the costs of the case. As already suggested, the answer set up paramount title. The matter was contested at every point, and the defendant lost. Why, then, should it not pay costs? There are no facts here which exclude the application of the usual rule, that in contested cases the costs follow the judgment. Had the defendant disclaimed title under the statute, and set up its outlays on account of taxes legally assessed, which should have been paid by the plaintiff, and asked for judgment accordingly, then the cost would properly have been a charge against the latter. Section 256 of the code, in this connection, provides as follows: "If the defendant in such

action disclaim, in his answer, any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff shall not recover costs." Conversely, if the defendant dispute the plaintiff's title, sets up title in himself, litigates the question and loses, then the plaintiff shall have costs. It would be a unique doctrine indeed were a defendant permitted, on every conceivable question, to dispute and contend against the rights of a plaintiff, and, if beaten, avoid costs because plaintiff was rightly held to reimburse him the tax outlays, when, by disclaiming title, and asking such reimbursement in the first instance, the costs would have been largely saved, and such as were necessarily incurred would have been put upon the plaintiff.

It is further objected that, to overcome the recitals in the tax deeds, relied upon by defendant to show title, plaintiff was allowed to make proof that the sale of this property was actually made on the first day of the general tax sales for those years in that county, because there was no such issue, and further that the proof offered to establish those facts was not the best. To the point that this evidence was not within the issue, the answer might well be that no such objection was interposed at the time the offer was made, or at all, so far as we are able to glean from the record. This is the record, at folio 119 of the transcript:

"Q.—On what day, according to that, did the sale begin? A.—October the 5th, 1896.

"MR. GILMORE—I shall object to the testimony of the witness, because the record itself is the best evidence."

This is the specific objection that was made to the introduction of this evidence. Nothing is said here or elsewhere in the record about its not being within the issue. Had that specific objection been

made and appeared good, plaintiff might have amended and thus cured the supposed defect. So that the objection might be ruled adversely to defendant, for this reason alone. It is, however, unnecessary to thus narrowly determine the matter. An examination of the second defense of the answer discloses that the defendant therein pleads and sets forth that the sale was adjourned from day to day, and that the land was re-offered until the treasurer was satisfied that no more sales of any property, particularly the real estate specified in the complaint, could be effected at that sale, and that thereupon a certificate of purchase was issued for each of those tracts of land to the county. In reply, a general denial was interposed to all averments of the second defense of the answer, and thus this matter was in issue. This precise point has already been determined by this court.

In *Rustin v. M. & M. Tunnel Co.*, 23 Colo. 355, objection was to the introduction of the publisher's affidavit to contradict the recitals of a tax deed of due and proper publication, there having been no special plea to make that kind of testimony competent, this court, speaking through Chief Justice Hayt, said:

"The first of these assignments of error is based upon the pleadings, the appellant contending that, as the cross-complaint does not point out this particular defect, the court should not have permitted evidence thereof to be introduced. The argument is founded upon the well-known principle that a cross-complaint, like an original complaint, must be complete in itself, and state a cause of action. While this is correct as a legal principle, the answer in this case to this contention of appellant is evident. The plaintiff alleged in his complaint that due and proper publication of the notice of the tax sale was made,

and an affidavit of such publication filed, as required by law. It matters not that plaintiff might have filed a sufficient complaint without setting forth the various steps leading up to the execution of his tax deed. He having set forth these matters, and issue having been taken thereon, any evidence which tended to prove or disprove the truth of the allegations thus in issue was proper.''

The objection that the best evidence on the question of tax sale records was not offered, is not in accord with the facts. The best evidence was offered, to which the defendant continually objected. The whole record was brought into court, exhibited there and offered in evidence, and certain parts germane to the point in dispute were read into the record. Opposing counsel seems to insist that certified transcripts should have been offered. The proof as made was in good form. Everything pertaining to the matter was before the court, in the record book of tax sales, open for its inspection and that of counsel on the other side. We fail to see how anything more could or should have been done in this connection by counsel for plaintiff.—*Knowles v. Martin,* 20 Colo. 393.

The tax sale record establishes beyond peradventure that this land was, at each sale, struck off to the county, contrary to the deed recitals, on the first day of the general tax sales. Deeds issued upon and to effectuate such sales are absolutely void.— *Bryant v. Miller,* 48 Colo. 192; *Charlton v. Toomey,* 7 Col. App. 304; *Dyke v. Whyte,* 17 Colo. 296; *Webber v. Wannemaker,* 39 Colo. 425; *Whitehead v. Callahan, supra; Gomer v. Chaffee,* 6 Colo. 314; and *Charlton v. Kelly, supra;* same case, 7 Col. App. 301.

All objections urged are technical. It is clear from the proofs that the tax deeds relied upon are void, that title can never be successfully predicated

upon them, and that the judgment of the court is right. It should, therefore, in principle, be affirmed, and this litigation ended, unless some substantial right of the defendant has been invaded. There is nothing in the record to so indicate. Its outlays in payment of taxes legally assessed, together with interest and penalties, as provided by statute, must be refunded to make the decree effective, and this is all the defendant can ever hope to lawfully get. The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE WHITE concur.