[No. 6420.]

## MULQUEEN V. LANNING.

1. QUIETING TITLE—*Plaintiff's Possession*—The constructive possession, which by presumption of law attends the title where there is no adverse possession, suffices. But where the plaintiff's title is denied and the record shows no evidence of title, an affirmative decree in his favor will be reversed.

2. EVIDENCE—*Record of Tax Sales*—The record of a tax sale is admissible to contradict, as to the date of the sale, the recitals of a deed founded thereon.

3. TAX SALE—*Void Deed*—A tax deed of lands upon a sale to the county made on the first day of the sale is void. It neither sets in motion the statute of limitations, nor affords any foundation to a plea of laches when the paramount owner sues to quiet his title.

4. APPEALS—*Objections Not Taken Below*—The record of a tax sale being offered to impeach the recitals of a deed based thereon, objection to its admission was made, because not the best evidence, and incompetent for the purpose of the offer. On appeal it was held that the party would not be heard to insist that the record did not conform to the requirements of the statute.

*Appeal from Washington District Court.*—Hon. H. P. BURKE, Judge.

Mr. R. H. GILMORE and Mr. JULIUS C. GUNTER, for appellant.

Mr. JOHN F. MAIL, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The suit is by W. H. Lanning against James P. Mulqueen, to quiet title to the southwest quarter of section 2, township 2 north, range 51 west, located in Washington county. Complaint is in the usual form, alleging ownership in fee and possession, that the defendants asserts an adverse interest in the land, which is inferior and subject to plaintiff's title, and prays that the defendant be required to set forth his adverse claim, that the cloud so created be removed and title quieted. The answer, after general denial, alleges, in substance, that the defendant is the owner of the land in fee, his title being based on a tax deed dated and recorded February 1, 1901, founded on the tax sale of October, 1896, and mesne conveyances; that the land is vacant and unoccupied; that he has paid taxes since the sale in 1896; and that neither the plaintiff, nor any of his predecessors in interest, had, prior to the commencement of this action, paid or offered to pay the taxes, penalties or interest accrued thereon to the defendant. Also it is alleged that the plaintiff's right of action, if any, arose more than five years before this action was commenced. There is also a plea of laches for failure of plaintiff to sooner assert his claim. By a supplemental answer a new tax deed, dated April 4, 1906, and recorded on the 10th of that month, conveying the same land, based on the same tax sale, is set up, by virtue of which, with other conveyances, defendant claims title. For replication there is a general denial of the allegations of the answer, the amendment thereto, and the supplemental answer. Specially replying to averments of the supplemental answer, which sets forth the later tax deed, it is alleged that the recital thereof, to the effect that the land was sold on the 26th day of October, 1896, after having been theretofore offered from day to day and from the beginning of the sale on the 19th day of October, is wholly false, and was at the time of the making of such deed known to the defendant to be false; that the land was in truth

and in fact struck off to the county of Washington on October 19th, 1896, the first day of the general tax sale in that year for that county.

At the trial, to support his claim, plaintiff offered in evidence a patent from the United States, for the land in controversy, to one Hamilton; next a purported trust deed from Hamilton to W. H. Lanning, trustee, for the use of Thomas Frahm, dated February 1, 1888, conveying the land in controversy, recorded in book 10, at page 53, of the records of Washington county, to secure the payment of a note for $300; a trustee's deed by W. H. Lanning, trustee, to W. H. Carnahan, conveying the land in question, under a foreclosure of the above purported trust deed; and then a quit-claim deed therefor from Carnahan to the plaintiff.

To establish title, and as the foundation thereof, the defendant relies wholly upon the tax deed of April 4th, 1906. To impeach the recitals of that deed, as to the date of the sale in question, plaintiff offered in evidence the record book of tax sales for 1896 of Washington county. The judgment and decree was for plaintiff, quieting his title as against the defendant, cancelling the tax deeds described in the complaint and requiring plaintiff to refund all moneys paid out by the defendant on account of taxes and penalties, with interest. Defendant brings the case here on appeal, seeking a reversal of the judgment and decree.

If evidence had in fact been adduced, and put into the record, in conformity with plaintiff's offer, a *prima facie* case of ownership in fee would have been made out. When this suit was begun the land, by the admission of both parties, was vacant and unoccupied. The ownership of plaintiff in fee, if established, would carry with it constructive possession, which for the purposes of an action of this sort is sufficient, in the absence of actual entry and adverse possession by another.—*Phillipi v. Leet,* 19 Colo. 246, 253; *Morris and Thombs v. St. Louis National Bank,* 17 Colo. 231, 239; *Mitchell v. Titus,* 33 Colo. 385, 387; and *Keener v. Wilkinson,* 33 Colo. 445.

The record, however, discloses that instead of the trust deed which was described in the offer of proof, from Hamilton to Lanning, trustee, for the use of Thomas Frahm, to secure a $300 note, and which trust deed was the one ostensibly foreclosed, as shown by the recitals in the trustee's deed, there appears in the record a trust deed from Hamilton to Lanning, trustee, for the use of one McKinley, to secure the payment of an indebtedness of $75.00. Between this trust deed and the one apparently foreclosed there is no connection, and plaintiff therefore failed to support his claim of title by evidence. It is not for this court to speculate upon what the plaintiff might have proven. We are bound by the record and the facts actually established thereby. There is in the record no proof whatever of ownership in plaintiff, so that the decree quieting title in him is for this reason erroneous and must be reversed.

In view of another trial, and that there may be an end to litigation, all questions now properly before us, in the record, respecting the claim of defendant to this land, will be now considered and determined.

The tax deed of April 4th, 1906, which is the foundation of defendant's title, seems fair on its face. Defendant does not rely for the purpose of title on the other tax deed mentioned in the pleadings. The plaintiff, to impeach the recitals of the tax deed relied upon for title, as to the date of sale, produced the record book of tax sales for 1896 of Washington county, required by statute to be kept. In *Empire R. & C. Co. v. Lanning,* 49 Colo. 462, it is expressly held that the tax sale record is the best evidence of the facts authorized by the statute to be therein preserved. *Knowles v. Martin,* 20 Colo. 393, is to the same effect. In the court below the following objection was made to this offer:

"Defendant objects to the offer because the record of sales in the treasurer's office, under the statutes in this state, is not the best evidence, and because it is not competent to contradict the two—one tax deed which has been offered in evidence and one treasurer's deed which has been admitted in evi-

dence, reciting matters which differ from what is claimed as being shown on this page."

This was the only objection made at the time of the trial to the introduction to that page of the tax sales record offered to contradict the recital of the tax deed as to the date of sale. It is here now urged for the first time that the record does not conform to the requirements of the statute respecting such matter, in that instead of showing the date of sale, it shows the date of the certificate. Not having made this specific objection at the time of the trial, nor any objection which may fairly be said to include it, but having interposed only the general objection that it was not the best evidence, the defendant ought not, under a well settled rule of this court, to be now heard to urge it. *McGraw v. Welch,* 2 Colo. 284; *Gumaer v. Sours,* 31 Colo. 164; and *Empire R. & C. Co. v. Lanning, supra.* If this specific objection had been made at the time of the trial, it is entirely possible that the plaintiff could have furnished other evidence to establish this fact, possibly the original certificate itself. In any event, we are persuaded that the record book of tax sales is in substantial compliance with the requirements of the statute, and that it was admissible to show the date of sale. By this record it is plainly established that the sale took place on October 19th, 1896, the first day of the tax sale. A tax deed for property sold and struck off to the county on the first day of the general tax sale is void. *Bryant v. Miller,* 48 Colo. 192; *Charlton v. Toomey,* 7 Colo. App. 304; *Dyke v. Whyte,* 17 Colo. 296; *Webber v. Wannemaker,* 39 Colo. 425; *Whitehead v. Callahan,* 44 Colo. 396; *Gomer v. Chaffee,* 6 Colo. 314; *Charlton v. Kelly,* 24 Colo. 273; and *Empire R. & C. Co. v. Lanning, supra.* It follows, therefore, that the tax deed upon which defendant relies was void and conveyed no title.

In as much as defendant's reliance is solely on the tax deed of 1906, it is clear that neither the plea of laches, nor of the statute of limitations, can have any application. In the foregoing view of the case it becomes unnecessary to consider

or discuss any of the other assignments of error urged by the defendant.

The former opinion is withdrawn, the judgment reversed, and the cause remanded to the district court for further proceedings in conformity with the views herein expressed.

*Reversed and Remanded.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL not participating.