BRYANT v. MILLER.

**Tax Deed—Lands Sold to County—Recitations—**A tax deed which recites that the treasurer "on the 16th day of December, 1902 * * * at an adjourned sale, the sale begun and publicly held on 15th day of December, A. D. 1902, exposed to public sale," certain deescribed lands, that "no bids were offered or made by any person therefor, and the treasurer having become satisfied that no sale of said property could be had, therefore the said property was by the then treasurer of the said county stricken off to said county," is void on its face, for failing to show that the land was offered on the day immediately preceding that on which it was sold and this even though the deed literally follows the form prescribed by the statute.—(194)

No presumption in support of the deed is to be indulged in such case.—(194, 195)

*Appeal from Logan District Court*—Hon. H. P. BURKE, Judge.

Mr. W. L. HAYS, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

Appellee brought this action to quiet his title to certain lands. The complaint was in the usual form. The defendant, in an amended answer, denied the ownership of plaintiff and alleged that the defendant claimed title to the land under two tax deeds, the one conveying to him the southeast quarter of a certain section and the other the south half of the northwest quarter of another section; the two conveying all the land in controversy. In alleging his title, among other allegations, the defendant set out the tax deeds in full and in their exact words. The plaintiff filed a general demurrer to the answer.

It appears from the record that the only ground of objection to the answer presented to the court was

that it appeared in the tax deeds that the statutes relative to the assessment and sale of real estate for taxes had not been complied with, and that, therefore, it appeared from the answer that the tax sale and tax deeds were void, leaving the defendant without title.  On this specific ground the demurrer was sustained.  On the same ground, only, will the ruling of the court be considered here.  Several reasons are urged to show that each of the deeds is void on its face, only one of which will be noticed.

The tax deeds are based upon the same sale and are alike in their recitals, with the exception of the description of the land and amount of taxes.  After describing the land sold and stating that it was subject to taxation for the year 1901, and that the taxes assessed for that year remained due and unpaid at the date of sale, the deeds proceed:

"And whereas the treasurer of said county did on the 16th day of December, A. D. 1902, by virtue of the said authority vested in him by law, at an (adjourned sale) the sale begun and publically held on 15th day of December, A. D. 1902, expose to public sale at the office of the treasurer in the county aforesaid in substantial conformity with the requirements of the statute in such case made and provided, the real property above described for the payment of taxes interest and costs then due and remaining unpaid on said property; and whereas at the sale so held as aforesaid by the said treasurer no bids were offered or made by any person or persons for the said property and no person or persons having offered to pay said taxes, interest and costs upon said property for the year; and the treasurer having become satisfied that no sale of said property could be had, therefore the said property was, by the then treasurer of the said county, stricken off to the said county, and a certificate of sale was duly issued there-

(13)

for to the said county in accordance with the statute in such case made and provided."

It is plain from this that the land was offered for sale for the first and only time on December 16th and on that day struck off to the county. The deed says that, "the treasurer of said county did on the 16th day of December, 1902," do certain things, and those certain things appear from the recitals following, to be exposing or offering the property for sale and striking it off to the county. If the treasurer had also exposed or offered it for sale on the 15th, the deed would have recited, "And whereas the treasurer of said county did on the 15th and 16th days of December, 1902, * * * expose to public sale, etc.," and then inasmuch as it is conclusive that if he had sold it on the 15th he would not have offered it on the 16th, the other recitals would have made it affirmatively appear that it was struck off to the county on the second day it was offered, to-wit December 16th. It is said in *Charlton v. Toomey,* 7 Col. App. 304, that every preliminary step required to divest the owner of title must affirmatively appear in the recitals of the tax deed to have been regularly taken as required by law. Of course this rule must be taken in connection with the form of tax deed prescribed by statute, but when, as in the form prescribed for these deeds, Sess. Laws 1902, p. 135, § 181, the form requires that the date upon which the land is exposed or offered for sale shall be set forth, then, if the law requires, in any case, that the land shall be offered on more than one date, the rule applies with increased force, that it must affirmatively appear on the face of the deed that this requirement of the law has been complied with. This being so, it cannot be presumed that the land was offered on the 15th, and it is only by presumption that that fact can appear in these deeds, but such a presumption

would be contrary to the express words. The provisions of the statutes relative to striking off property to the county are found in § 5713, Rev. Stats. 1908, and are as follows:

"If there shall be no bid for any tract offered the treasurer shall pass it over for the time, and shall re-offer it at the beginning of the sale next day, until all the tracts are sold, or until the treasurer shall become satisfied that no more sales can be effected, when it shall become his duty to strike off to the county the lands and town lots remaining unsold, for the amount of such taxes, interest and cost thereon."

In *Dyke v. White,* 17 Colo. 296 at 300, speaking of a like statute, Sess. Laws 1899, p. 155, § 2918, Gen. Stats. 1883, this court said:

"The cash purchaser may buy the first time the land is offered for sale. But the treasurer can not lawfully bid off the property for the county on the first day it is offered. The land must be offered without any bidder on the first day, and re-offered on the succeeding day or days without any bidder therefor, and until the treasurer becomes satisfied that the same cannot be sold at such sale, before it can be lawfully bid off by the treasurer for the county."

In *Charlton v. Toomey, supra,* it was said that under such a statute, before the land can be struck off to the county, it must be offered for sale when reached in its regular order, and if no bid is made, it must be re-offered on the next and succeeding day, until the close of the sale. The court also notices the clause in the statute: "Or until the treasurer shall become satisfied that no more sales can be effected," and says: "But this must be so construed as to harmonize with the balance of the section, otherwise it would invest the treasurer with an arbitrary discretion that he might exercise at any time in con-

travention of the balance of the section." Indeed, the statute, is plain. It says that if no bid is made for any tract, the treasurer shall pass it over and re-offer it at the beginning of the sale next day. If it must be re-offered on the next day then the sale must go over to the next day and cannot be completed on the first day. At this sale, as appears from the deeds, the treasurer offered the land for sale on D e c. 16th, and there being no bidders he did not pass it over to the beginning of the sale next day, but struck it off to the county on D e c. 16th, in direct violation of the statute. This being so, and it appearing in the deeds themselves, the sale was void, and the deeds based upon the void sale must fall. This makes it apparent on the face of the answer that the defendant has no title to the land, and the demurrer was properly sustained. The defendant insists that the deeds are substantially in the form prescribed in § 181, p. 135, Sess. Laws 1902, and must, therefore, be upheld, for that section says that the deeds shall be substantially in the form prescribed. Assume the deeds are substantially in the form prescribed. They are not attacked as to form. They may be correct as to form, yet recite facts that show a noncompliance with the statute. They are not void because they are not in form, but because they recite facts which make void the sale upon which they are based. To illustrate: Suppose the treasurer had first offered the land on the 16th, without a bidder, and had carried the sale over to the 17th, when the land was again offered without a bidder, and the other tracts being sold, or the treasurer becoming convinced it could not be sold, it was struck off to the county. In such a case the deeds would recite the facts and would read: "And whereas the treasurer of said county did on the 16th and 17th days of December, 1902, * * * expose to public

sale, etc." The deeds would still be substantially in the form prescribed by law, and would recite facts showing a compliance with law in the conduct of the sale, so far as the point in issue is concerned. These deeds, though in the form prescribed by statute, show by their recitals a noncompliance with the law in an essential requirement.

There is no doubt that when a tax deed, by its recitals, shows that the sale was conducted in a manner contrary to an essential requirement of law, the deed is void on its face.—*Gomer v. Chaffee*, 6 Colo. 314 at 317; *Whitehead v. Callahan*, 44 Colo. 396 at 402; *Charlton v. Toomey, supra*, at 307.

The judgment is, therefore, affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.