[No. 3395.]

## FOSTER v. CLARK ET AL.

1. TAX TITLE—*Void Deed—Limitation.* A treasurer's deed of lands sold for a tax, showing on its face that the land was struck off to the county on the first day of the sale is void and does not set in motion the short statute of limitations. So where the deed fails to show definitely, the date of the sale or that the lands were re-offered, or that the treasurer was satisfied that no sale could be made to private persons. So where the deed shows upon its face that it was issued upon the assignment of a certificate of sale to the county, made by the treasurer more than three years after the date of the sale.

So, it seems, where the deed is based upon such an assignment and fails to show by what officer the assignment was made.

So where it shows that non-contiguous lands were sold *en masse* for a gross sum. So where it fails to show that the assignee has paid all accrued taxes, costs, penalties, etc., but only that he has paid subsequent taxes to a certain amount.

2. —— *Nature of the Title.* A valid tax deed confers a title paramount to all incumbrances made by the original owner of the land.

3. —— *Limitations—Who May Plead the Statute.* One claiming under a void tax deed may not plead the statute of limitations to an outstanding trust deed or mortgage.

4. MORTGAGE—*Irregular Foreclosure* does not impair the lien of the mortgage. The purchaser at the foreclosure sale stands as assignee of the mortgagee and may redeem the land from a void tax sale.

*Appeal from Kiowa District Court.* HON. J. E. RIZER, Judge.

Messrs. CRANE and PATRICK, for appellant.

Mr. W. F. ZUMBRUNN and Mr. JOHN F. MAIL, for appellees.

CUNNINGHAM, J.

Appellant, as plaintiff below, brought his action to quiet title to a large quantity of land, comprising many tracts, situate in Kiowa county. From

a judgment of non-suit in favor of appellees, defendants below, A. M. Clark and C. S. Morey, who had, on their motion, been joined as defendants with a large number of original defendants, all of whom suffered judgment by default to go against them, appellant brings this cause here for review.

Appellant's claim of title to all the land in question was based on four tax deeds which were, identified as Exhibits A, B, C, and D respectively, and offered in evidence. The trial court, upon objections made by appellees, excluded all of the aforesaid exhibits. Each and all of the tax deeds were void on their face for one reason or another, which reasons we will now proceed to point out:

Exhibit A is void on its face for at least two reasons: 1st. The sale of the land was made to the county on the first day of the tax sale. 2nd. The deed purports to be based upon a certificate of purchase originally issued to the county and thereafter assigned by it, but it nowhere appears on the face of the deed by what officer, or by what authority, said certificate was assigned.—*Charlton v. Toomey,* 7 Colo. App. 304-5.

Exhibit B is void on its face because the land therein described was offered for sale and sold *en masse* for a gross sum, notwithstanding the two tracts were non-contiguous quarter sections, lying two miles apart.

Exhibit C is void on its face because sold to the county on the first day of the tax sale, and (probably) because the assignment of the certificate of purchase was irregular in two particulars (a) the assignment does not show by what officer it was executed, and (b) it is not stated in the deed that

the assignee paid all the accrued taxes, costs, penalties, etc., but only recites that he had paid subsequent taxes, giving the amount of the subsequent taxes so paid.

Exhibit D is void on its face, 1st; because the day and date of the tax sale is indefinite, and the property was not reoffered for sale as provided by statute; nor does it appear that the treasurer was satisfied that no sale of the property could be made to private persons—the sale having been made to the county.  2nd.  The certificate of purchase was assigned by the county more than three years after the date of the tax sale.  See *The Empire Ranch and Cattle Company v. Caldron, supra.*  Each and all of the aforesaid imperfections to which we have called attention are apparent on the face of the deeds themselves.

The tax deeds relied on by appellant being void on their face, the statute of limitations plead by appellant and urged here can avail him nothing; appellant having failed to prove title in himself, the trial court properly granted appellees' motion for non-suit.—*Clark et al. v. Huff,* 49 Colo. 197-200 et seq.

The title of appellees was predicated, in part, upon certain trust deeds and notes secured thereby, which notes had been for more than six years past due.  Appellant contends that since he plead the statute of limitations against said trust deeds and notes, they should have been excluded.  This contention has been overthrown in the cases of *Holnquist v. Gilbert,* 41 Colo. 113; *Foote v. Burr,* 41 Colo. 192.  See also *Ordway v. Cowles,* 45 Kans. 493-9.

Appellant cites and quotes from the Foote case in support of the contention he here makes, but he evidently has misconceived what was decided in that case. He seems to think that because the court in the Foote opinion, in a ·purely incidental matter, stated that the plaintiff in that case might *properly* plead the statutes that, therefore, he might *successfully* plead it. The decision in that case, as we read it, establishes quite the contrary. But, there is yet another and sufficient reason why the defendant may not complain of the trial court's action in admitting the notes and trust deeds in support of the claim of title of appellees. Appellant's claim of title, as we have seen, was based upon tax deeds, which, had they been valid, would have vested in· him a title paramount and adverse to the title claimed by appellees and their privies. Hence the validity or invalidity of the trust deeds would have been a matter of no importance to appellant had his tax deeds been valid. In other words, one holding an invalid tax deed may not plead the statute of limitations against an outstanding trust deed or mortgage, and one holding a valid tax deed need not do so.—*Empire R. & C. Co. v. Bender,* 113 Pac. 494.

Mr. Justice Gunter, in· the case of *Tinsley v. Atlantic Mines Company,* 20 C. A. 61, marshals and analyzes the authorities bearing on the relation between the holders of tax deeds and· mortgages with such thoroughness and clearness as to make a further discussion of the question by the bench in this state unnecessary to the profession.

It is further contended on behalf of appellant that certain of the trust deeds held at one time by

appellees had been irregularly foreclosed, and that the trustees' deeds resulting from those sales were void. If it be granted that these foreclosure proceedings were void for irregularity, appellee herein, not having title, still had their lien on the land which unquestionably gave them the right under the trust deeds and under the law to redeem these lands from void tax sales for the purpose of protecting their security. In the case of *Venner v. The Denver Union Water Co.,* 15 C. A. 497-507, it is said:

"In this behalf it is urged that if the sales in pursuance of the foreclosure proceedings fail to pass title to the purchaser, yet they operated as an equitable assignment of the mortgages and subrogated the purchasers to all the rights of the mortgagees. The principal invoked is established beyond controversy."

Moreover, what we have said in the last preceding paragraph concerning the claim of appellant to the right to plead the statute of limitations applies with equal force, and disposes of his contention that he may rely on the irregularity in the foreclosure of the trust deeds.

Perceiving no prejudicial error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

WALLING, Judge, not participating.