[No. 3504.]

## NEWCOMB v. HENDERSON.

1. TAX TITLE—*Void Deed.* A tax deed which shows upon its face that the land was struck off to the county on the day upon which it was first offered is void. Bryant v. Miller, 48 Colo. 192, followed.

2. —— *Lands Assessed Jointly and Sold in Parcels.* The sale in parcels of a body of land assessed as a whole is a violation of the statute (Mills' Stat., sec. 3888, Rev. Stat., sec. 5713). One contesting the sale is not required to prove that he has sustained damage by this violation of the statute.

*Appeal from Logan District Court.* HON. H. P. BURKE, Judge.

Mr. E. S. ALLEN and Mr. I. J. DOKE, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

CUNNINGHAM, Judge.

Appellee, plaintiff below, brought his action in the district court to quiet title to the south half of

a certain quarter section of land, situate in Logan county. Unless a certain tax deed offered in evidence by the defendant, and excluded by the court, was valid, the judgment in favor of appellee was proper, and must be affirmed.

Plaintiff asserts that the tax deed above mentioned was void on its face, for the reason, as he contends, it shows that the land described in it and involved in this action, was bid in by the county on the first day it was offered for sale by the county treasurer, contrary to sec. 3888 M. A. S., sec. 5713 R. S., then in force.

1. It is true, as appellant contends, the deed does not recite in terms that the property was *not* offered on the first day of the sale, to-wit: October 29th. Therefore, he asserts, from the recitation in the deed, that the land was "struck off to the said county, and certificate of sale was duly issued therefor to the said county, *in accordance with the statutes* in such case made and provided," and from recitations of similar import we must infer, in the absence of proof to the contrary, that the treasurer did offer the land on the first day of the sale, and that it was not sold on the first day it was offered. This precise contention has been determined adversely to appellant's views in *Bryant v. Miller*, 48 Colo., 192. The deed before the court in the Bryant case was precisely like the deed in the present case, and there is no difference in the facts, hence it follows that the deed, offered and excluded by the trial court in this case was, under the doctrine laid down in the Bryant case, void on its face.

2. From the testimony of the county treasurer and by his records, it is made to appear that the

land was assessed as a part of a full quarter section, but sold in forty-acre tracts or subdivisions. This is contrary to sec. 3888 M. A. S., and sec. 5713 R. S., which provide as follows:

"Where there are two or more lots or tracts of land valued and assessed jointly, the treasurer shall sell the same jointly as assessed."

Appellant admits that the records of the county treasurer do show that the land was offered and sold in forty-acre tracts, although assessed as a part of a one hundred and sixty-acre tract, but he contends, as we understand the argument, that this plain violation of the statute can avail appellee nothing unless and until he shows that he has been prejudiced thereby. The record shows that the two tax certificates were issued for the two forties constituting the eighty in question, and these two certificates were later assigned by the county to appellant's grantor. We think it may be assumed, in the absence of evidence to the contrary, that the sale of land for taxes in separate tracts requires the issuance of extra certificates, and entails additional costs. Once it be shown that a positive mandate or statute has been ignored in connection with a tax sale, the grantor under a tax deed flowing therefrom, will not be heard to say that his adversary must go further and prove the damages he has suffered as a result of the violation of the statute. No attempt was made on the part of appellant to offer proof tending to establish that the irregularity in the sale of the land, in the particular pointed out, occasioned the fee owner no extra expense or cost, therefore, it is not necessary for us to determine whether a violation of a statute resulting in no

prejudice to the fee owner does or does not invalidate the tax deed which follows it, and for this reason we express no opinion on the question.

The tax deed offered by appellant was properly excluded, and the judgment will be affirmed.

*Affirmed.*

WALLING, Judge, concurs in the result, and so much of the opinion as is based upon the ruling announced in the case of *Bryant v. Miller*, 48 Colo., 192.