[No. 3512.]

## VANDERPAN V. PELTON.

1. STATUTE OF LIMITATIONS—*Trust Deed.* The statute of limitations does not bar the execution of the power of sale contained in a deed of trust, even though an action for the debt secured thereby is barred.

2. TRUST DEED—*Who May Question the Execution of the Power of Sale.* One claiming only a tax title to lands is not in position to question the authority of one assuming, as successor in trust, to execute the power of sale in a trust deed thereof from the original owner.

3. TAX TITLE—*Void Deed.* A tax deed showing the sale of several non-contiguous tracts for a gross sum is void upon its face.

So, a deed based upon a sale to the county, and an assignment of the certificate by the county clerk more than three years after the date of the sale, no authority for such assignment being shown.

Or a deed based upon a sale to the county where it does not appear that the land was offered by the treasurer on any day previous to that on which it was sold.

Or a deed executed by the treasurer of the county in which the land was situate at the date of the sale, it appearing by the face of the deed that at the date thereof it lay in a different county.

Or a deed showing that the lands were offered on two different dates, not showing on which of the two the sale occurred.

Or a deed which fails to disclose the amount of taxes due on any one of several non-contiguous tracts included in the same sale.

4. QUIETING TITLE—*Plaintiff's Possession*, need not be proven, though in issue, if no possession is shown in any other, and the plaintiff shows title in fee. The constructive possession which the law assumes in such case suffices.

5. —— *Laches.* Long delay in assailing a tax title will not impair the right of the original owner to have his title quieted where it appears that the defendant acquired the tax title for a triffling sum and presumptively with notice of its questionable character.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. EZRA KEELER, for appellant.

Mr. ISAAC PELTON, *pro se.*

CUNNINGHAM, Judge.

1. Pelton brought his action in the district court of Washington county to quiet title to the southeast quarter of section twenty-eight (28), township five (5) south, range fifty-two (52) west of the sixth principal meridian, his complaint containing the ordinary allegations to support an action of that character. Defendant, Vanderpan, answered denying ownership in plaintiff, and setting up ownership in himself, based on three certain treasurer's deeds to his grantors, and quit claim deeds from said grantors to himself, but he did not plead the statute of limitations. Plaintiff replied attacking the validity of the tax deeds and each thereof. On the trial plaintiff introduced a patent from the United States, to the land in question, running to Hamilton Potter and a trust deed from Potter to Thomas O. Moffett, dated October 1st,

1888. Defendant objected to the introduction of
the trust deed on the ground that the indebtedness
secured by it was barred by the statute of limita-
tions. This objection was properly overruled, and
the deed admitted. *Foster v. Clark,* 21 Colo. App.,
192; 121 Pac., 130, and cases therein cited. There-
upon plaintiff offered in evidence a trustee's deed,
executed by the sheriff of Washington county, as
the successor in trust to Moffett, who had left Colo-
rado and ceased to be a resident of this state, said
trustee's deed running to plaintiff as grantee. De-
fendant objected to the introduction of the trustee's
deed on the ground that the debt for which the
trust deed was given was barred by the statute of
limitations, and further because the instrument of-
fered as a trustee's deed was apparently executed
by a person without authority, as defendant con-
tends. The first objection was not well taken, under
the authorities already cited. It appears from the
record that the land in question was, at the time the
patent issued and the trust deed in question was
executed, situate in the county of Arapahoe, but
that it had become a part of Washington county in
1903, some five years before the sale under the trust
deed. The trust deed provided that in the event of
the "absence from the county in which said prem-
ises are situated" of the trustee named therein,
"the then sheriff of the county in which the prem-
ises are situate" should become the successor in
trust with all the powers, duties and authorities of
the original trustee. The remaining objections of
the defendant to the introduction of the trustee's
deed appears to be based upon the contention that
the sheriff of Arapahoe county, and not the sheriff

of Washington county, was the proper successor in trust and the only person who could make the sale under the trust deed. This contention is based upon the use of the word "are" in the phrase above quoted, i. e., that that successor in trust should be the "then sheriff of the county where the lands *are* situate," and inasmuch as the lands were, at the time the trust deed was executed, situate in Arapahoe county, defendant insists that the sheriff of Washington county, of which the land subsequently became a part, could not act. This objection was overruled by the court. Without determining whether the sheriff of Washington county or the sheriff of Arapahoe county was the proper party to make the sale, it is sufficient to say that defendant was not in a position to question the regularity of the sale of the property under the trust deed. *Foster v. Clark, supra. Stephens v. Clay,* 17 Colo., 489. *Empire Co. v. Bender,* 49 Colo., 522, 525. We rule that the plaintiff exhibited a title or interest sufficient to maintain an action to quiet title against one claiming under a void tax deed.

2. To sustain his title, defendant introduced three tax deeds. The first of said tax deeds so offered by defendant was void upon its face for the reason that it showed the sale of several non-contiguous tracts of land *en masse* for a gross sum, and for the reason that the said land was bid in by the county and the certificate assigned by the county clerk more than three years after the date of the sale, no authority for said assignment appearing on the face of the deed, or otherwise. Said deed was void on its face for the further reason that it does not appear that the land was offered for sale by

the treasurer on any day previous to the date on which it was sold to or bid in by the county. *Bryant v. Miller,* 48 Colo., 192.

3.   Defendant further offered, in support of his title, a treasurer's deed to the land in question, running to Kate Young, and based upon a tax certificate issued to one W. T. Lambert, by the treasurer of Arapahoe county in 1902, at which date the land composed a part of the then county of Arapahoe. This tax or treasurer's deed was executed in 1907 by William J. Fine, the then treasurer of the city and county of Denver. The deed shows on its face that the land in question, after the tax sale referred to, and before the issuance of the tax deeds now under consideration, became a part of Washington county; indeed, the record shows it had been a part of said last mentioned county almost four years prior to the execution of the treasurer's deed by the said Fine. Under the ruling in *Pollen v. Magna Charta M. & M. Co.,* 40 Colo. 89, the treasurer of Washington county was the proper officer, indeed, the only officer authorized to execute the treasurer's deed based on the tax sale aforesaid, hence this tax deed was void on its face. It was also void on its face for the following additional reasons:   (a) it is recited that the sale of the land in question (together with several other non-contiguous tracts of land set forth in the deed) occurred on the 10th and 24th of November, A. D. 1902, but without specifically stating on which of the aforesaid dates the sale occurred; (b) the deed does not disclose the amount due for delinquent taxes on the particular property involved in this suit, or on any of the several non-contiguous tracts of land in-

cluded in the same sale. (See opinion in the case
of *Henry v. Danner,* No. 3461, handed down by this
court at the present term.) (c) it appears from the
face of the deed that the land involved in this suit
was sold with various other non-contiguous tracts
*en masse* for a gross sum, hence the tax deed was
properly excluded.

4. The defendant next offered in evidence, to
support his claim of title, a tax deed issued to Kate
Young, his grantor, by the treasurer of Washing-
ton county, based upon a tax certificate issued to
William Young, in December, 1903. The record dis-
closes that the land involved in this suit was sold
for taxes and bid in by the said William Young on
the date aforesaid, together with ten other non-con-
tiguous tracts of land. There is nothing appearing
on the face of the deed which enables one to deter-
mine what the amount of the delinquent tax was on
the particular land here involved at the date of the
sale, hence, for the reasons already stated, this deed
was void on its face, and properly excluded when
offered by defendant. All of the tax deeds offered
by defendant being void, the quit claim deeds to de-
fendant from the grantees named in the various tax
deeds were, of course, also properly excluded.

5. There was no proof offered on the trial, by
either the plaintiff or the defendant, as to whether
the land was vacant and unoccupied, or as to wheth-
er either party was in actual possession thereof, and
the defendant, in his brief, contends that in a stat-
utory action to quiet title, the plaintiff must allege
and prove possession when same is denied. As an
abstract proposition, this contention is sound, and
well supported by the Colorado authorities, but it

is not necessary, in an action to quiet title, for the plaintiff to prove actual possession, for, if it be shown that the land is vacant and unoccupied, title in fee in the plaintiff carries with it presumptive possession, or, as it has been otherwise stated, possession of vacant and unoccupied lands follows in the wake of title, and is called constructive possession. Such possession is sufficient to maintain the action to quiet title. While it is true, as has been pointed out, that neither party offered proof as to whether the land in question was vacant and unoccupied, we find that defendant, in his answer, made the following allegation: "that said premises had been at all times heretofore, and were at the time of the commencement of this action vacant and unoccupied lands." This allegation is not denied by the reply, hence stands admitted, and proof thereof would seem, under the circumstances, unnecessary.

6. Although he had not plead the statute of limitations, defendant, in his answer, attempted to plead, and on the trial sought to prove laches, and it is insisted in the brief filed in his behalf, that the plaintiff and his grantors having failed for a long number of years to challenge the tax deeds, ought not in equity to be heard now to question them. It appears from the answer of the defendant that he paid $350 for the land, and from the decree it appears that if the judgment of the trial court shall be affirmed, he will receive, by way of taxes advanced and penalties, $129.00. The record discloses that the defendant first became interested in the land in 1907, only a short time before the plaintiff interested himself in it. From the small sum which the defendant paid for the land, it seems at least

probable that he had knowledge of the questionable character of the title he was taking over, hence the equities between the parties is not a feature over which a chancellor need become unduly wrought up.

There are other matters discussed in the briefs, which, in view of what has already been said, we need not consider.

The judgment of the trial court will be affirmed.

*Affirmed.*

KING, Judge, concurs in the result.

WALLING, Judge, dissenting.

I do not agree with so much of the third paragraph of the foregoing opinion as seems to be based upon the authority of *Henry v. Danner*, or with anything contained in the fourth paragraph. With these views, I do not see how I can concur in the result.