[No. 3481.]

## EMPIRE RANCH & CATTLE CO. v. GIBSON.

1. JUDGMENT—*Collateral Attack.* Assault in an ejectment suit upon a sheriff's deed executed pursuant to decree of mortgage foreclosure, by an attempt to show that by reason of defect in the service of process no jurisdiction of the person of the defendant in the foreclosure proceeding was acquired, is a collateral attack.

2. —— *Recitals of Record—Presumption.* The record of a decree of mortgage foreclosure recited due and regular service of summons. The manner of service was not stated. Two writs of summons were produced, each bearing the return of *non inventus*, as to the mortgagors. The last was returned July 21, A. D. 1893. The decree was entered November 3, A. D. 1893. There was no showing that personal service was not made after July 21, nor that, on proper affidavit and order, the summons had not been duly published. Held, that in support of the judgment it would be presumed that service, either personal or constructive, had been duly made.

3. PARTIES—*Defendant—Necessary Parties.* Mortgagor who has parted with his title is not a necessary party to a bill to foreclose the mortgage.

4. MORTGAGE—*Foreclosure—Personal Judgment*, against mortgagor is not necessary.

5. APPEALS—*What May Be Assigned for Error.* One not claiming under the mortgagor may not assign for error a personal judgment against such mortgagor rendered upon defective service.

6. TAX TITLES—*Void Deed.* A deed which upon its face appears to be founded upon a sale of several non-contiguous tracts, not showing that

they were sold separately, nor the amount for which each tract was sold, but only the gross amount produced by the sale of the whole, is void.

*Appeal from Yuma District Court.*  HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

KING, J., delivered the opinion of the court.

This is an action in the nature of ejectment, brought by the appellee October 18th, 1907, to recover possession of the southwest quarter of section 1, township 5 north, range 46 west, alleging ownership in fee simple and right to immediate possession.  The answer is a general denial.

Plaintiff's title depends upon the sufficiency of a sheriff's deed, regular in form and fair on its face.  No objection was made to this deed as *prima facie* evidence of title.  Defendant sought to impeach the sufficiency and validity of this deed by the introduction of the judgment roll of the cause in which the decree was rendered authorizing the sale pursuant to which said sheriff's deed was executed.  By this roll it appeared that the action was brought for the foreclosure of a mortgage deed executed by Sherman M. Hollenbeck and Ella Hollenbeck.  The said Hollenbecks and three others were made defendants.  From the files of the case it appeared that two summonses were issued and returned not served, the last of which returns was made July 21st, 1893.  Three of the defendants made voluntary appearance, but no appearance was made for the Hollenbecks.  Decree of foreclosure was rendered November 3rd, 1893, and recited that service of summons had been duly and regularly made upon the defendants, and each of them, but does not state the manner of service, whether personal or by

publication. Appellant contends that the judgment was void for want of jurisdiction.

This is a collateral attack upon the said judgment. There is an entire absence of showing as to service by publication of summons, or foundation for such service, aside from the issuance and return of the summonses *non est inventus*. It is not shown that personal service was not made after July 21st, nor that proper affidavit, order for, and publication of, summons were not regularly and duly made; therefore, there is no affirmative proof to dispute the recitals of the decree. For this reason it will be presumed, in favor of the judgment, that what ought to have been done was done, and properly done.—*Van Wagenen v. Carpenter,* 27 Colo., 444; *Union Ditch Co. v. Rio Grande Canal Co.,* 37 Colo., 512; *Trowbridge v. Allen,* 48 Colo., 419; *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo., 115, 117 Pac., 1005. Moreover, it does not conclusively appear that the Hollenbecks were necessary parties to the foreclosure. Although proper parties, they were not necessary parties if they had parted with all interest held by them in the property covered by the mortgage, by a sale to their co-defendants.—*DeCunto v. Johnson,* 18 Colo. App., 220; 27 Cyc., 1572e. We do not decide that a presumption obtains that personal service was made upon the defendants, or any of them, as a decision of that question is unnecessary. The Hollenbecks, against whom personal judgment appears to have been rendered, are not in this court objecting; and as to appellant, the personal judgment is immaterial, and was not necessary to a decree of foreclosure of the mortgage lien.

Defendant offered as evidence of its own title to said premises two treasurer's deeds for the land in controversy, issued upon a sale for delinquent taxes. Both said tax deeds were issued upon the same sale, for the same

property—the second as a correction deed of the first. Both showed upon the face thereof a sale of several non-contiguous tracts of land *en masse* for a gross sum, and were therefore void.—*Page v. Gillette,* 47 Colo., 289; *Foster v. Clark,* 21 Colo. App., 192, 121 Pac., 130; *Emerson v. Shannon,* 23 Colo., 274. Upon the authority of repeated rulings of this court, and of the supreme court, a treasurer's deed which shows that several non-contiguous tracts were sold at the same time, and does not show that they were severally exposed and sold, nor the amount of tax for which each separate and distinct tract was sold, particularly the tract in question, but instead gives the aggregate amount for which the several tracts were sold, is void on its face, as showing a sale of such non-contiguous tracts *en masse* for a gross sum.—*Whitehead v. Callahan,* 44 Colo., 396; *Kit Carson Land Co. v. Rosenberry,* 21 Colo. App., 439, 122 Pac., 72; *Foster v. Clark, supra.* And while these later authorities are in conflict with *Waddingham v. Dickson,* 17 Colo., 223, they must be regarded as controlling in the construction of such tax deeds. The judgment is affirmed.

*Affirmed.*

Decided January 13, A. D. 1913. Rehearing denied March 10, A. D. 1913.