King, J.,
delivered the opinion of the court.
This is an action in the nature of ejectment, brought by the appellee October 18th, 1907, to recover possession of the southwest quarter of section 1, township 5 north, range 46 west, alleging ownership in fee simple and right to immediate possession. The answer is a general denial.
Plaintiff’s title depends upon the sufficiency of a sheriff’s deed, regular in form and fair on its face. No objection was made to this deed as prima facie evidence of title. Defendant sought to impeach the sufficiency and validity of this deed by the introduction of the judgment roll of the cause in which the decree was rendered authorizing the sale pursuant to which said sheriff’s deed was executed. By this roll it appeared that the action was brought for the foreclosure of a mortgage deed executed by Sherman M. Hollenbeck and Ella Hollenbeck. The said Hollenbecks and three others were made defendants. Prom the files of the case it appeared that two summonses were issued and returned not served, the last of which returns was made July 21st, 1893. Three of the defendants made voluntary appearance, but no appearance was made for the Hollenbecks. Decree of foreclosure was rendered November 3rd, 1893, and recited that service of summons had been duly and regularly made upon the. defendants, and each of them, but does not state the manner of service, whether personal or- by *478 publication. Appellant contends that the judgment was void for want of jurisdiction.
This is a collateral attack upon the said judgment. There is an entire absence of showing as to service by publication of summons, or foundation for such service, aside from the issuance and return of the summonses non est inventus. It is not shown that personal service was not made after July 21st, nor that proper affidavit, order for, and publication of, summons were not regularly and duly made; therefore, there is no affirmative proof to dispute the recitals of the decree. For this reason. it will be presumed, in favor of the judgment, that what ought to have been done was done, and properly done.—Van Wagenen v. Carpenter, 27 Colo., 444; Union Ditch Co. v. Rio Grande Canal Co., 37 Colo., 512; Trowbridge v. Allen, 48 Colo., 419; Empire Ranch & Cattle Co. v. Coldren, 51 Colo., 115, 117 Pac., 1005. Moreover, it does not conclusively appear that the Hollenbecks were necessary parties to the foreclosure. Although proper parties, they were not necessary parties if they had parted with all interest held by them in the property covered by the mortgage, by a sale to their co-defendants.—DeCunto v. Johnson, 18 Colo. App., 220; 27 Cyc., 1572e. We do not decide that a presumption obtains that personal service was made upon the defendants, or any of them, as a decision of that question is unnecessary. The Hollenbecks, against whom personal judgment appears to have been rendered, are not in this court objecting; and as to appellant, the personal judgment is immaterial, and was not necessary to a decree of foreclosure of the mortgage lien. ■
■ Defendant offered as evidence of its own title to said premises two treasurer’s deeds for the land in controversy, issued upon a sale for delinquent taxes. Both said tax deeds were issued upon the same sale, for the same *479 property — the second as a correction deed of the first. Both showed upon the face thereof a sale of several non-contiguous tracts of land en masse for a gross sum, and were therefore void.—Page v. Gillette, 47 Colo., 289; Foster v. Clark, 21 Colo. App., 192, 121 Pac., 130; Emerson v. Shannon, 23 Colo., 274. Upon the authority of repeated rulings of this court, and of the supreme court, a treasurer’s deed which shows that several non-contiguous tracts were sold at the same time, and does not show that they were severally exposed and sold, nor the amount of tax for which each separate and distinct tract was sold, particularly the tract in question, but instead gives the aggregate amount for which the several tracts were sold, is void on its face, as showing a sale of such non-contiguous tracts en masse for a gross sum.—Whitehead v. Callahan, 44 Colo., 396; Kit Carson Land Co. v. Rosenberry, 21 Colo. App., 439, 122 Pac., 72; Foster v. Clark, supra. And while these later authorities are in conflict with Waddingham v. Dickson, 17 Colo., 223, they must be regarded as controlling in the construction of such tax deeds. The judgment is affirmed.
Decided January 13, A. D. 1913.
Rehearing denied March 10, A. D. 1913.

Affirmed.