[No. 3671.]

## EMERSON v. VALDEZ.

1. TAX TITLE—*Void Deed.* A treasurer's deed which shows upon its face that the lands were struck off to the county on the same day on which they were first offered; or which, being based upon a sale to the county and an assignment of the certificate, fails to show by what officer the assignment was made; or which fails to show the date of the sale, is void.

2. ——— *Sale to a County—Assignment of the Certificate.* A tax deed which, showing a sale of the land to the county, recites an assignment of the certificate of purchase by the county "by its proper officers" is not a compliance with the statute (Rev. Stat., sec. 5729).

3. ——— *Second Sale After Sale to County Not Redeemed.* Under Rev. Stat., sec. 5713, a sale for taxes, though upon due advertisement, after a sale of the same lands to the county which is still unredeemed and the lands unsold, is void.

4. ——— *Evidence Aliunde to Show Compliance With the Statute, the Deed Being Void Upon Its Face,* is not admissible upon the hearing of a bill to quiet the title asserted under such deed. In an action to reform the deed, it may be otherwise.

*Appeal from Rio Grande District Court.* HON. CHARLES C. HOLBROOK, Judge.

Mr. JOHN F. MAIL, for appellant.

Mr. IRA J. BLOOMFIELD and Mr. JESSE STEPHENSON, for appellee.

HURLBUT, J., delivered the opinion of the court.

March 23, 1908, appellee, as plaintiff, brought an action against defendant (appellant) to quiet title to the northeast quarter of section 6, township 39 north, range

7, east of the New Mexico meridian, Rio Grande county, claiming title under certain tax deeds. Defendant answered, denying plaintiff's ownership and alleging that each of said tax deeds under which plaintiff claimed was void on its face, and also for reasons not apparent on the face thereof; and, by way of cross-complaint, alleged that said tax deeds constituted a cloud upon defendant's title, vested in him by sundry *mesne* conveyances from the government; and prayed that his title be quieted, and that he recover possession of the premises which plaintiff wrongfully withheld from him. Plaintiff filed his replication, in which he denied defendant's title, and, answering defendant's cross-complaint, pleaded the short statute of limitations as a bar thereto. The applicability of the statute was denied by further plea of the defendant. The pleadings are voluminous, and much of the matter therein contained redundant, and of no assistance in presenting the issues tried by the court. The above is probably a sufficient statement of the pleadings in order to properly understand the issues.

Although from appellee's brief it appears that four or five tax deeds were relied on by plaintiff to prove his title to the land, it will be unnecessary to consider but two thereof, to wit: Exhibit No. 1, a tax deed executed and delivered December 18, 1901, and recorded the following day, based on a sale of the land December 15, 1898, for the taxes of 1897; and Exhibit No. 12, a tax deed dated October 26, 1908, based upon the same sale and the same certificates of purchase, which is alleged to have been executed to correct the defects appearing on the face of Exhibit No. 1. These instruments are the only ones which plaintiff relies upon to confirm his right and title to the disputed premises. With the exception of a certain special warranty deed, he has expressly excluded all others by statements in his brief to the effect that he claims nothing by reason of any other deeds. Plaintiff

admits that defendant holds title by sundry *mesne* conveyances from the government. Judgment was rendered for plaintiff, adjudging him to be the owner in fee simple of the premises, and quieting title in him as against defendant. The special warranty deed above mentioned is dated April 21, 1900, and was executed by Thomas A. Good to Francisco Valdez for the controverted ground, and nearly eighteen months before the deed of December 18, 1901. The record so clearly shows that at the time Good gave this special warranty deed he had no title to the premises that we will not further notice it.

It is earnestly insisted by appellant that the tax deeds in question, exhibits 1 and 12, are void. Under the decisions of the supreme court, as well as this court, there can be no question but that each of said deeds is void on its face. Exhibit No. 1 is void on its face for the following reasons:

(1) The property was offered for the first time on December 15, 1908, and sold on that day to the county at a public sale begun on December 12th of the same month. —*Vandermeulen v. Burwell,* 22 Colo. App., 486, 125 Pac., 131; *Lambert v. Murray,* 52 Colo., 156, 120 Pac., 415; *Vanderpan v. Pelton,* 22 Colo. App., 357, 123 Pac., 960; *Bryant v. Miller,* 48 Colo., 192, 109 Pac., 959; *Newcomb v. Henderson,* 22 Colo. App., 167, 122 Pac., 1125; *Empire Co. v. Howell,* 22 Colo. App., 389, 122 Pac., 592; *Empire Co. v. Gibson,* 23 Colo. App., 344, 129 Pac., 520; *Empire Co. v. Howell,* 23 Colo. App., 348, 129 Pac., 521; *Empire Co. v. Coleman,* 23 Colo. App., 351, 129 Pac., 522; *Charlton v. Toomey,* 7 Colo. App., 304, 43 Pac., 454.

(2) It is also void on its face for failure to state what officer made the assignment of the certificate.—*Foster v. Clark,* 21 Colo. App., 192, 121 Pac., 130; *Empire Co. v. Smith,* 23 Colo. App., 53, 127 Pac., 449.

The tax deed, Exhibit No. 12, alleged to have been issued to correct irregularities and ambiguities in Ex-

hibit No. 1, heretofore discussed, is void on its face for the following reasons:

(a)    Because it does not recite the date of the sale.—
*Foster v. Clark, supra; Vanderpan v. Pelton, supra.*

(b)    It fails to show what officer made the assignment.—*Foster v. Clark, supra; Empire Co. v. Smith, supra.* The recital in this respect is as follows:

"And whereas the said county of Rio Grande, by its proper officers, did on the 26th day of October, A. D. 1908, duly assign the certificate of the sale of the property as aforesaid," etc.

The statute specifically defines the official who has authority to make the assignment of the certificate of sale, and it must affirmatively appear from the deed that such officer acted. The recital that "the said county of Rio Grande, by its proper officers, did   *   *   *   duly assign the certificate," fails to comply with this requirement, but is a palpable evasion of it.

May evidence *aliunde* be accepted when offered to cure the defects of a tax deed void on its face, offered as proof of title? In *Page v. Gillett,* 47 Colo., 289, 107 Pac., 290, it is held that outside testimony is not competent to bolster up a deed void on its face; that such proof might tend to show a valid sale, but would not mend a void deed; that the suit was not one to reform a conveyance, but, on the contrary, the conveyance was affirmatively relied on as passing good title. The case of *Newsom v. Jacobs,* 51 Colo., 571, 119 Pac., 623, rigidly follows the rulings laid down in the Gillett case, and reaffirms all therein decided. *Bryant v. Miller,* 48 Colo., 192, 109 Pac., 959, is another case which seems to sustain the view that proof *aliunde* cannot be accepted in support of a tax deed void on its face. The defendant, Bryant, in an action brought against him to quiet title, pleaded a certain tax deed which appeared to be void on its face. On demurrer the supreme court held the plea bad and ordered the title

quieted in plaintiff. In *Page v. Gillett* and *Newsom v. Jacobs, supra,* it was held that the suit under consideration was not one to "reform a conveyance," intimating in a measure that had the suit been one to reform the tax deed the evidence might have been admissible. It is apparent that in the instant case the pleadings in no way indicate or suggest an action to reform a conveyance. From our interpretation of the letter and spirit of the three cases last cited we think the evidence *aliunde* offered and received at the trial in the instant case, for the purpose of showing that all preliminary steps up to the time of the tax sale were valid in all respects, was not admissible to contradict and vary the positive recitals of the tax deeds, exhibits 1 and 12, which make them void on their face, although in a suit to reform such tax deeds so as to speak the truth it might have been admitted and become sufficient with other evidence to authorize a court of equity to decree the reformation. The case of *Knowles v. Martin,* 20 Colo., 393, 38 Pac., 467, cited by appellee, may not appear to be in harmony with the three cases last cited. However that may be, those cases are the latest expression of that tribunal upon the question.

Even though evidence *aliunde* were held to be admissible to show compliance with the law as to the notice of sale, actual sale in 1898, and assignment of the certificate, nevertheless the plaintiff's pleadings show that the sale itself was void, because there were no delinquent taxes at the time the land was advertised for sale. The pleadings show that at the time of the sale in 1898 a tax sale certificate to the county was outstanding, unsold, unassigned, and unredeemed, and therefore, under the statute, the taxes could not be due and payable at the time of that tax sale. Section 3888, 3 Mills, last paragraph, viz.:

"No taxes assessed against any lands purchased by the county under the provisions of this section shall be payable until the same shall have been derived by the county from the sale or redemption of such lands."

For the reasons given the tax deeds, exhibits 1 and 12, conveyed no title in the disputed premises to plaintiff, and the court erred in admitting them in advance.

Other assignments of error discussed by counsel need not be noticed, as those already disposed of compel a reversal of the judgment.

*Judgment Reversed.*