[No. 7531]

BROWN v. GIBSON.

TAX TITLE. *Deed Substantially in Statutory Form,* is not void upon its face.—*Imperial Securities Co. v. Morris, ante* followed.

*Appeal from Logan District Court.*—Hon. H. P. BURKE, Judge.

Messrs. ALLEN & WEBSTER, for appellant.

Mr. JOHN F. MAIL, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The controversy is over a quarter section of land in Logan County. Charles E. Gibson, appellee here, brought suit in ejectment, against G. C. Brown, appellant here, alleging ownership of and right of possession to the property, and the wrongful withholding of the possession by Brown. For answer, the latter denied all allegations of the complaint, and set up affirmatively that he was the owner in fee and entitled to the possession of the premises, relying upon a tax deed to establish title. A replication put in issue all new matter of the answer. The court rendered judgment for Gibson on March 13, 1911, finding that he was the owner of the property and entitled to immediate possession; that Brown had no right, title or interest therein; and that the tax deed upon which the latter relied to establish title was void upon its face. The court further found that Brown had paid in taxes the sum of $190.00, which he was entitled to have refunded. Brown brings the case here for review.

Only one proposition need be considered, since our view thereon necessitates a reversal of the judgment.

The tax deed under which Brown claims was held void by the lower court, not because of matters outside the deed, but because of matters appearing on the face thereof. In *Bryant v. Miller,* 48 Colo. 192, 109 Pac. 959, a deed like the one under consideration was held void, but in an opinion recently announced, *Imperial Securities Co. v. Morris,* 141 Pac. 1160, this court, after full and deliberate consideration, overruled *Bryant v. Miller, supra,* on this point, and held a deed, substantially in the form of the one now before us, fair on its face and valid. Upon the authority of this recent holding the judgment herein should be reversed and the cause remanded for a new trial, and it is so ordered.

*Judgment reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.